DJW/sr

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THERMAL SOLUTIONS, INC.,**

        **Plaintiff,**

    v.                                    Case No: 08-CV-2220-JWL-DJW

**IMURA INTERNATIONAL U.S.A. INC.,
VITA CRAFT CORPORATION, AND
MAMORU IMURA, AN INDIVIDUAL,**

        **Defendants**

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Thermal Solutions, Inc.'s Motion to Allow Issuance of an Interrogatory Prior to Rule 26(f) Conference (the "Motion") (doc. 14). The Court has considered the Motion and the related pleadings and, for the reasons stated below, finds that the Motion should be granted.

**I.    EXPEDITING DISCOVERY**

As a general rule, discovery may not commence before the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure.[1] "The court may, however, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery."[2] Under Fed.R.Civ.P. 26(d), the court is authorized to expedite discovery upon a showing of "good

---

[1] Fed.R.Civ.P. 26(d).

[2] *Alpine Atlantic Asset Mgmt AG v. Comstock*, Civ. A. No. 07-2595-JWL, 2008 WL 618627, at * 1 (D.Kan. March 3, 2008) (citing *Qwest Comm'cs Int'l, Inc. v. WorldQuest*, 213 F.R.D. 418, 418 (D.Colo. 2003)).

cause."[3]  "Good cause frequently exists in cases involving claims of infringement and unfair competition."[4]  "A party that seeks expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."[5]

**II.    ANALYSIS**

This case involves patent infringement and unfair competition claims by Plaintiff. Plaintiff has served the two corporate defendants, Imura International U.S.A., Inc. and Vita Craft Corporation (collectively, the "Corporate Defendants").  The individual defendant, Mamoru Imura, who is believed to currently reside in Japan, is the Chief Executive Officer of the Corporate Defendants and has not yet been served.  Plaintiff seeks an order from this Court allowing Plaintiff to send a single interrogatory to each of the Corporate Defendants asking for the current residential address of defendant Mamoru Imura.  A Rule 26(f) conference has not yet taken place.

As the party seeking to conduct discovery prior to the Rule 26(f) conference, Plaintiff has the burden of showing good cause to expedite discovery.  The Court finds that Plaintiff has established good cause to warrant the service of limited discovery regarding defendant Mamoru Imura's current residential address.  Service of a single interrogatory to each of the Corporate

---

[3] *Koch Carbon, LLC v. Isle Capital Corp.*, No. 05-1010-MLB, 2006 U.S. Dist. LEXIS 36962, at *5 (D.Kan. March 1, 2006) (citing *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D.Colo. 2002)).

[4] *Pod-Ners, LLC*, 204 F.R.D. at 676 (citing *Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97 Civ. 3841-RWS, 1997 WL 639037 at *20 (S.D.N.Y. Oct.14, 1997)).

[5] *Alpine*, 2008 WL 618627, at *1 (citing *Qwest*, 213 F.R.D. at 418; *Pod-Ners, LLC*, 204 F.R.D. at 676; *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D.Ariz. 2001)).

Defendants will promote judicial speed and economy. Identifying the current address of defendant Mamoru Imura will allow Plaintiff to serve defendant Mamoru Imura via the Hague Convention more quickly so that this litigation may proceed. In addition, the Corporate Defendants have failed to show that the single interrogatory would be burdensome or that the Corporate Defendants would be prejudiced by having to answer the single interrogatory prior to the parties holding the Rule 26(f) conference.

### III.     CONCLUSION

The Court finds that Plaintiff has shown good cause to expedite discovery. Thus, Plaintiff's Motion to Allow Issuance of an Interrogatory Prior to Rule 26(f) Conference (doc. 14) is granted.

**IT IS THEREFORE ORDERED** that Plaintiff may serve an interrogatory to defendants Imura International U.S.A. Inc. and to Vita Craft Corporation asking each of them to state the current residential address of defendant Mamoru Imura.

**IT IS FURTHER ORDERED** that defendants Imura International U.S.A. Inc. and Vita Craft Corporation shall each serve their answer to Plaintiff's interrogatory within 10 calendar days of their respective receipt of service of the interrogatory.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 26th day of June 2008.

> s/ David J. Waxse
> David J. Waxse
> U.S. Magistrate Judge

cc:     All counsel and *pro se* parties