IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THERMAL SOLUTIONS, INC., )
)
                Plaintiff, )
)
v. ) Case No. 08-2220-JWL
)
IMURA INTERNATIONAL U.S.A., INC., )
VITA CRAFT CORPORATION, and )
MAMORU IMURA, an individual, )
)
                Defendants. )
)
_____)

## MEMORANDUM AND ORDER

Plaintiff Thermal Solutions, Inc. ("TSI") has brought patent claims under federal law and other claims under Kansas law against Imura International USA, Inc. ("II-USA") and its subsidiary, Vita Craft Corporation ("Vita Craft"), as well as against Mamoru Imura, who is alleged to control both corporate defendants. This matter is presently before the court on the motion by II-USA and Vita Craft (hereinafter referred to as "defendants") to dismiss Count I of the amended complaint (by which TSI seeks a declaration that a patent is invalid) for failure to plead with sufficient particularity (Doc. # 30). For the reasons set forth below, the court **denies** the motion. Defendants' additional request for an extension of time in which to respond to TSI's other claims is **granted**.

**I.     Background**

In its amended complaint, TSI alleges as follows: TSI invents products using magnetic induction heating and radio frequency identification ("RFID") technology, and it entered into licensing agreements allowing II-USA to use its technology and patents in household cookware products. On April 28, 2004, Mr. Imura, president and CEO of II-USA and Vita Craft, filed a United States patent application titled "Radio Frequency Identification Controlled Heatable Objects," in which Mr. Imura improperly disclosed confidential information from TSI and claimed inventions that he did not invent. On May 10, 2004, Mr. Imura assigned the application to II-USA, and on January 2, 2007, the application was granted as U.S. Patent No. 7,157,675 ("the '675 Patent").

In Count I of the amended complaint, TSI seeks a declaration that the '675 Patent is invalid. Count I alleges as follows:

> 26.    The allegations in paragraphs 1 through 25 are incorporated by reference.
>
> 27.    The '675 [P]atent is invalid because it fails to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, 111, and 115.
>
> 28.    Pursuant to 28 U.S.C. §§ 2201-02, TSI seeks a declaratory judgment that the '675 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, 111 and/or 115 for one or more of the following reasons:
>
>> a.    The purported invention claimed in the '675 [P]atent was patented in this country or a foreign country, or otherwise disclosed in the prior art, before the claimed invention thereof by Mamoru Imura;

>       b.      The invention claimed in the '675 [P]atent is obvious; and
>
>       c.      As described in paragraph 17 *supra*, Mamoru Imura, the named applicant for the '675 [P]atent, did not invent the subject matter sought to be patented, and thus the application that was filed resulting in the '675 Patent improperly swore and/or declared that Mamoru Imura had invented the claimed subject matter and misrepresented material facts to the U.S. Patent and Trademark Office which, if known, would have resulted in the denial of Mamoru Imura's application.
>
>       29.     Upon information and belief, during the prosecution of the application which resulted in the '675 Patent, by claiming to be the inventor of the subject matter sought to be patented, Mamoru Imura intentionally failed to fulfill his duty of candor and good faith toward the U.S. Patent and Trademark Office as required by 37 C.F.R. § 1.56.
>
>       30.     [II-USA], as assignee of the '675 Patent, contends that TSI and TSI's licensees' use of TSI's patents and related RFID technology in conjunction with the manufacture, offering for sale, and sale of cooking products utilizing RFID technology infringes the '675 Patent.
>
>       31.     Indeed, [II-USA] has demanded that TSI license the '675 Patent and [II-USA's] purported patents pending and has threatened to sue TSI for patent infringement.
>
>       32.     TSI is entitled to a judgment declaring that U.S. Patent No. 7,157,675 is invalid.

The remainder of TSI's amended complaint asserts a claim for infringement of TSI's patents under federal law and claims under Kansas law for breach of contract, misappropriation of trade secrets, and unfair competition.

By the present motion, defendants seek dismissal of Count I on the ground that TSI did not plead its claim of patent invalidity based on inequitable conduct with sufficient particularity. Defendants also request their costs and fees in responding to

3

Count I. Finally, defendants seek an extension of time, until 10 days after this ruling on the motion to dismiss, in which to respond to the remainder of TSI's amended complaint.

**II.     Analysis**

    A.     *Particularity Requirement*

One possible basis for a patent's invalidity is "inequitable conduct," which occurs "when a patentee breaches his or her duty to the PTO [Patent and Trademark Office] of candor, good faith, and honesty," and which may occur "through affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false information, coupled with an intent to deceive." *See Warner-Lambert Co. v. Teva Pharmaceuticals USA, Inc.*, 418 F.3d 1326, 1342 (Fed. Cir. 2005) (internal quotations omitted). The parties here agree that "inequitable conduct, while a broader concept than fraud, must be pled with particularity." *See Central Admixture Pharmacy Servs. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (quoting *Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)).

The parties further agree that this pleading requirement is governed by Fed. R. Civ. P. 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See id.*; *see also, e.g.*, *Applied Interact, LLC v. Continental Airlines, Inc.*, 2008 WL 177740, at *3-6 (E.D. Va. Jan. 17, 2008) (reviewing caselaw and concluding that Rule 9(b) governs pleading of

inequitable conduct). The Tenth Circuit has elaborated on Rule 9(b)'s particularity requirement as follows:

> More specifically, this court requires a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof. Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based.

*Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quotations and citations omitted).

### B. *Analysis of Allegations*

Defendants seek dismissal of the entirety of TSI's claim of patent invalidity in Count I. As TSI correctly points out, however, it has alleged a number of grounds for invalidity other than inequitable conduct, namely (1) that the invention was previously patented or otherwise disclosed in prior art (Amended Complaint ¶ 28.a), (2) that the invention was obvious (Amended Complaint ¶ 28.b), and (3) that Mr. Imura, the applicant, did not actually invent the subject matter sought to be patented (Amended Complaint ¶ 28.c). *See* 35 U.S.C. §§ 102, 103. Defendants have not provided any basis for requiring such claims to be pleaded with particularity, and those claims are therefore not subject to dismissal.

Defendants argue that TSI's pleading of its claim of inequitable conduct is vague and may encompass more than one basis for such allegation, including a failure to disclose prior art. The court agrees with TSI, however, that upon a fair reading of the amended complaint, TSI has alleged only the single basis that Mr. Imura misrepresented

5

that he was the inventor of this subject matter. Accordingly, only that single allegation is subject to the particularity requirement.[1] The court therefore rejects defendants' argument that TSI should have identified the particular prior art relating to the claimed invention. Although TSI has alleged the existence of such prior art, it has not alleged a failure to disclose prior art constituting inequitable conduct, and defendants' cases requiring such an identification are therefore inapposite. *See, e.g.*, *Central Admixture*, 482 F.3d at 1356-57; *Applied Interact*, 2008 WL 177740, at *8-9; *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996).

With respect to the single basis of Mr. Imura's claim of inventorship, TSI argues that its claim should not be subject to dismissal because, in light of the history of the parties' relationship, including prior litigation, defendants should know the details of TSI's claim. The court rejects this argument that actual notice somehow excuses compliance with Rule 9(b). TSI has not provided any authority supporting such a position, and in fact, the Tenth Circuit rejected a similar argument in the *Koch* case. *See Koch*, 203 F.3d at 1237.

The court thus turns to the actual allegations concerning Mr. Imura's claim of inventorship as a basis for inequitable conduct to determine whether the pleading of that claim is sufficiently particular under Rule 9(b). Based on its review of the amended

---

[1] By this argument, TSI has thus foreclosed any reliance on other possible bases for its inequitable conduct claim, and it would need leave to file another amended complaint in order to broaden its claim in the future.

complaint, the court concludes that TSI has satisfied the Rule 9(b) standard as set forth by the Tenth Circuit. Specifically, TSI has identified the maker of the alleged misrepresentation (Mr. Imura), its time and place (Mr. Imura's patent application to the PTO, filed on April 28, 2004), its contents (falsely stating that he was the inventor of the subject matter to be patented), and the consequences (the PTO approved the application, although it would have denied it but for the misrepresentation). *See Koch*, 203 F.3d at 1236.

Defendants argue that TSI's pleading is not particular enough because it did not identify which of the 36 claims contained in the '675 Patent that Mr. Imura did not invent. Defendants have not supplied any authority requiring such specificity, however. Moreover, the actual details of the patent, including the number of claims, fall outside the face of the amended complaint, which refers simply to the "claimed subject matter" of the patent application and the fact that Mr. Imura falsely claimed to be the inventor of that subject matter. Although defendants' cases involving the identification of prior art would seem to require greater specificity, those cases involved alleged omissions, and those courts therefore required the plaintiff to identify specifically what was not disclosed. *See Central Admixture*, 482 F.3d at 1356-57; *Applied Interact*, 2008 WL 177740, at \*8-9; *EMC Corp.*, 921 F. Supp. at 1263. In this case, however, TSI has alleged only an affirmative misrepresentation as the basis for its inequitable conduct claim, and it has identified specifically that misrepresentation. Defendants have not shown that Rule 9(b) requires more.

7

Finally, the court rejects defendants' argument that TSI failed to plead with particularity sufficient to allege fraudulent statements as opposed to statements that are merely false. The amended complaint makes clear that TSI is alleging that Mr. Imura acted with intent in falsely claiming to be the inventor. *See* Fed. R. Civ. P. 9(b) (intent may be alleged generally).

Accordingly, the court denies defendants' motion to dismiss Count I (or any part thereof) of TSI's amended complaint for failure to plead with sufficient particularity.[2]

C. *Additional Relief Requested*

Defendants have not identified any basis for the recovery of fees or costs with respect to their motion to dismiss, and they did not prevail at any rate. Therefore, defendant's request for an award of fees and costs is denied.

Defendants's motion for an extension of time in which to respond to the remaining counts in the amended complaint is granted. Defendants shall file their responses to the entirety of the amended complaint on or before October 17, 2008.[3]

---

[2]The court rejects TSI's argument that, because it alleged defendant II-USA as the owner of the '675 Patent, defendant Vita Craft should not have been permitted to join the motion to dismiss, and that Vita Craft should therefore be considered in default with respect to Count I. TSI seeks a declaratory judgment in that count, and therefore it is not asserting a claim against any party in particular in the traditional sense. Moreover, defendants have asserted in their brief that II-USA licensed use of technology under the patent to Vita Craft, which would give Vita Craft an interest in the validity of the patent, and thus an interest in the relief sought by TSI.

[3]The court is dismayed by the obvious acrimony revealed by the parties' submissions throughout this case, which has too often spawned unnecessary and
(continued...)

IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss by defendants Imura International USA, Inc. and Vita Craft Corporation (Doc. # 30) is **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT the moving defendants' request for an extension of time in which to respond to the remainder of the amended complaint (Doc. #30) is **granted**, and the moving defendants shall file their responses to the entirety of the amended complaint on or before **October 17, 2008**.

IT IS SO ORDERED.

Dated this 2nd day of October, 2008, in Kansas City, Kansas.

>s/ John W. Lungstrum
>John W. Lungstrum
>United States District Judge

---

[3](...continued)
inflammatory carping to the court. The court respectfully suggests to the parties that such a manner of briefing detracts from their positions instead of furthering them.