**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **THERMAL SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 2:08-cv-02220-JWL-DJW** |
| **IMURA INTERNATIONAL U.S.A., INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is the Second Motion to Compel Plaintiff to Produce Responsive Documents (doc. 116) filed by Defendant Vita Craft Corporation. The Motion is fully briefed and is therefore ripe for consideration. Included in this Memorandum and Order is a discussion of, and the Court's rulings on, the issues raised by the parties during the several discovery dispute conferences with the Court, which are related to the Motion.

On March 4, 2010, the Court ruled on part of the Motion, thereby granting in part, denying in part, and taking the Motion under advisement in part.[1] The Court has considered the parties' arguments and is now prepared to rule on the remaining portion of the Motion. For the reasons set forth below, the remaining portion of the Motion is granted in part and denied in part.

## I. BACKGROUND & CONFERRING REQUIREMENTS

The facts of this case are well known to the parties and the Court and will not be repeated here. A detailed description of the background in this case is set forth in the Court's December 4, 2009 Memorandum and Order (doc. 141) and is incorporated herein by reference.

---

[1] *See* Minute Order (doc. 194), corrected by Order Nunc Pro Tunc (doc. 213).

After the Motion became ripe, it appeared to the Court that the parties had not conferred or attempted to confer in good faith to resolve the discovery disputes raised in the Motion. The Court therefore ordered the parties to confer with one another and make good faith efforts to resolve the discovery disputes raised in the Motion.[2] The Court reminded the parties that in attempting to resolve their discovery disputes, they should keep in mind the requirements set out in Fed. R. Civ. P. 26(g), Fed. R. Civ. P. 37, and D. Kan. Rule 37.2.[3] The Court further ordered that if the parties were unable to resolve the discovery disputes by February 22, 2010, then the parties were to jointly submit a report to the Court outlining the specific efforts of counsel to resolve the discovery disputes and identifying with specificity the discovery issues remaining unresolved.[4] The Court set a hearing on March 1, 2010 to discuss the Motion if the parties were unable to resolve the discovery disputes.[5] The parties conferred, were unable to resolve the discovery disputes in their entity, and submitted the required joint report to the Court. The Court then held a hearing on March 1, 2010 to discuss the discovery disputes.

During the hearing on March 1, 2010, the parties raised several issues related to their discovery disputes, including (a) whether Defendants would be allowed to review Plaintiff's patent counsel's hard copy files (the "Hovey Files") for a second time (the "second quick peek") for documents responsive to Defendants' requests for production of documents, (b) whether Plaintiff should be required to review the electronic files of Plaintiff's patent counsel (the "ESI Hovey Files")

---

[2] Order Setting Hearing (doc. 170).

[3] *Id.*

[4] *Id.*

[5] *Id.*

for electronic information responsive to Defendants' requests for production of documents, and (c) whether Plaintiff provided a privilege log for the documents withheld on the basis of privilege during the first quick peek of the hard copy Hovey Files. Although the parties were unable to resolve the discovery disputes in their entirety, they were able to resolve a portion of their disputes and reach an agreement with respect to a second quick peek of the hard copy Hovey Files. Pursuant to the parties' agreement, the Court entered the following order:

A.  As to Defendants' Second Motion to Compel Plaintiff to Produce Responsive Documents (doc. 116), the parties have agreed and the Court orders as follows:

(1) Defendants have agreed to withdraw Document Request Nos. 76-83 in their entirety. Thus, the portion of the Motion (doc. 116) seeking to compel production of documents responsive to Document Request Nos. 76-83 is hereby withdrawn.

(2) The portion of the Motion (doc. 116) seeking to compel Plaintiff to produce documents responsive to Document Request Nos. [84-95] is hereby granted in part[, denied in part, and taken under advisement in part.] Defendants were previously provided a "quick peek" of some of the hard copy "Hovey Files." The parties have agreed to a second quick peek of all hard copy "Hovey Files" not reviewed during the first quick peek and they shall use the quick peek agreement they utilized during the first quick peek.

In addition, Defendants agree that Document Request Nos. 84-93 do not require the production of foreign patents or foreign patent filings unless those foreign patents or foreign patent files reference or discuss the '585, '169, or '919 patents.

As the quick peek of the hard copy "Hovey Files" progresses and is eventually completed, the parties shall reassess the need for any relevance or privilege objections, as well as the need for any discovery of the ESI "Hovey Files."

Finally, Plaintiff's counsel shall investigate and obtain a better understanding of the size and general content of the ESI "Hovey Files."

(3) Plaintiff shall provide Defendants with the privilege log created during the first quick peek of the "Hovey Files" and shall show Defendants when and how Plaintiff initially provided this privilege log to Defendants.

(4) The parties shall review their written agreement concerning the cutoff date for logging privileged documents and resolve any disputes they have regarding same.[6]

The Court then scheduled a follow-up telephone status conference for March 15, 2010 to discuss (a) the status of the second quick peek of the remaining hard copy Hovey Files, (b) the parties' arguments concerning relevance and privilege objections (if any remained), (c) the need for and scope of discovery of the ESI Hovey Files, (d) any remaining issues concerning the privilege log from the first quick peek, and (e) any issues concerning the agreement on the cutoff date for logging privileged documents.[7]

During the March 15, 2010 status conference, it was not clear which discovery disputes still existed, and it was not clear which of the parties' arguments remained applicable. Thus, the Court ordered the parties to either resolve the remaining disputes or submit briefs specifically and clearly outlining the discovery disputes by March 24, 2010. The parties were unable to resolve their disputes and, thus, several briefs were filed, all of which the Court has now considered, to the extent applicable, in deciding this Motion, including: Plaintiff's Memorandum in Support of its Discovery Positions (doc. 201), Defendants' Response to Plaintiff's Memorandum in Support of its Discovery Positions (doc. 206), Defendants' Memorandum Regarding Plaintiff's Waiver of Objections and Other Unresolved Discovery Issues (doc. 202), and Plaintiff's Response to Defendants'

_____

[6] Minute Order (doc. 194), corrected by Order Nunc Pro Tunc (doc. 213).

[7] *Id.*

Memorandum Regarding Plaintiff's Waiver of Objections and Other Unresolved Discovery Issues

(doc. 215).

Having reviewed the relevant pleadings, the Court concludes that the parties have made

reasonable efforts to confer concerning the matters in dispute.[8]  The Court will therefore consider

the Motion on the merits.

## II.  REMAINING DISCOVERY ISSUES

Based on the Court's review of the Motion and the parties' additional briefing,[9] the Court

concludes that the following issues need to be resolved:[10]

1.  With respect to Defendants' Document Request Nos. 84-95:[11]

    a.  Whether the Court should consider Plaintiff's general objections or whether

---

[8] D. Kan. Rule 37.2; Fed. R. Civ. P. 37(a)(1).

[9] Pl.'s Mem. in Supp. of its Disc. Positions (doc. 201), Defs.' Resp. to Pl.'s Mem. in Supp. of its Disc. Positions (doc. 206), Defs.' Mem. Regarding Pl.'s Waiver of Objections and Other Unresolved Disc. Issues (doc. 202), and Pl.'s Resp. to Defs.' Mem. Regarding Pl.'s Waiver of Objections and Other Unresolved Disc. Issues (doc. 215).

[10] Although these issues were not all directly raised in the Motion, the issues were raised by the parties during the discovery dispute conferences and were briefed by the parties in their subsequent pleadings to the Court (*see* docs. 201, 202, 206, and 215).  Thus, the Court finds that these issues are properly before the Court and are ripe for consideration.

[11] Plaintiff asserts for the first time in its Memorandum in Opposition to Defendant's Second Motion to Compel (doc. 128) that Document Request Nos. 84, 86, and 99 are duplicative of Document Request No. 76, and that Document Request Nos. 85, 87, and 89 are duplicative of Document Request No. 77. Because Plaintiff did not initially raise these duplicative objections in response to Defendant's document requests, the Court finds that the objections are waived.  *See, e.g., Lipari v. U.S. Bancorp., N.A.*, Civ. A. No. 07-2146-CM, 2008 WL 2704473, at *1 n.2 (D. Kan. July 8, 2008) (objections to requests for production waived when not asserted in a timely response to the requests).

those objections were waived;

b.    Whether the Court should sustain Plaintiff's objections to the term "Patent File History";

c.    Whether the Court should sustain Plaintiff's specific objection of overbreath;

d.    Whether the Court should sustain Plaintiff's specific objection of relevance;

e.    Whether the Court should sustain Plaintiff's specific objection of undue burden;

2.    With respect to the hard copy Hovey Files and the ESI Hovey Files:

a.    Whether Plaintiff's counsel's failure to review all of the hard copy Hovey Files and ESI Hovey Files before objecting to producing those documents and electronic information amounts to a violation of Fed. R. Civ. P. 26(g);

b.    Whether Plaintiff's delay in providing a privilege log for documents withheld on the grounds of privilege after Defendants' first quick peek of the hard copy Hovey Files results in a waiver of the privilege for those documents;

c.    Whether Plaintiff should be required to review and produce electronic information found in the ESI Hovey Files; and

d.    What documents were Defendants' entitled to review for responsiveness during the second quick peek of the hard copy Hovey Files?

## III.    ANALYSIS

### A.    Document Request Nos. 84-95

#### *1.    Plaintiff's General Objections*

Defendants argue that Plaintiff's general objections should be deemed waived because

Plaintiff failed to make a meaningful attempt to show the application of each general objection to a specific document request. This Court has explained its view of general objections on several occasions. The Court disapproves of general objections that are asserted "to the extent" that the objections apply.[12] Further, general objections are considered merely "hypothetical or contingent possibilities" when the objecting party makes "no meaningful effort to show the application of any such theoretical objection to any request for discovery."[13] Where a party has not made an attempt to show the application of the theoretical general objection, the court will deem those general objections waived and will decline to consider them as objections at all.[14] Thus, in determining whether to consider Plaintiff's general objections, the Court must look at whether Plaintiff made an attempt to show the application of its general objections to Document Request Nos. 84-95.

Plaintiff asserted the following general objections to Defendants' Document Request Nos. 84-95:

### GENERAL OBJECTIONS

[Plaintiff] objects to these document requests to the extent they exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26. Rule 26 limits the scope of discovery to "any non-privileged matter that is relevant to any party's claim or defense." These General Objections should be considered incorporated within each of [Plaintiff's] specific responses, as though the same were set forth in whole or in part within any particular response.

First, given the sweeping definitions set forth by [D]efendants, these requests plainly demand the production (which, in turn, necessitates the withholding and logging) of privileged documents without any valid basis for doing so. Indeed, given the

---

[12] *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 538 (D. Kan. 2006) (citations omitted).

[13] *Id.*

[14] *Id.*

definitions and [D]efendants' continued demand for production of "the Hovey files" even though most of the responsive non-privileged documents either have been produced or are publicly available, [D]efendants' requests are improper and are not calculated to lead to the discovery of admissible evidence. For example, [D]efendants' definition of "Patent File History," which confusingly begins with the term's "commonly understood meaning" but then concludes with such an expansive definition as to obfuscate the reason for the inclusion of the "commonly understood meaning," is sweepingly overbroad and primarily directed to drafts of [Plaintiff's] patent applications, drafts of responses to office actions, drafts of any other documents relating to the patent prosecution history of [Plaintiff's] patents, and various communications related to said drafts. These draft documents and communications, however, are protected by the attorney client privilege and [D]efendants have no legitimate basis for demanding their production or logging, especially given the burden created for [Plaintiff] as a result of the demand.

Second, and moreover, these requests, regardless of their propriety in "typical" patent litigation, do not seek discovery of documents that are relevant to the parties' claims or defenses in this case. Instead, [D]efendants' requests seemingly ignore the factual issues in this case and, especially when accumulated with [D]efendants' other voluminous requests (many of which these requests overlap and duplicate), are improper, are not reasonably calculated to lead to the discovery of admissible evidence, and primarily serve only to oppress [Plaintiff] and cause undue burden expense [sic].

Third, several of the requests even go beyond that which is "typical" in patent litigation and demand production of documents regarding the prosecution of patents that have no familial relationship to the patents at issue at all. As such, they seek production of documents that are not relevant to the issues in this case and, in any event, are not reasonably calculated to lead to the discovery of admissible evidence.

Fourth, [D]efendants' requests are overbroad insofar as they seek production of documents irrespective of the temporal issues in this case. [Plaintiff] terminated [D]efendants' licenses in February 2006. Although [Plaintiff] accuses [D]efendants of post-termination infringing activity, according to [D]efendants, the "RFID project" was "dead" no later than March 12, 2008, even before [Plaintiff] filed its claims for patent infringement and [D]efendants first articulated their defenses and counterclaims thereto. Given the limited relevance of post-issuance statements to claim construction and irrelevance of foreign prosecution to United States claim validity, [Plaintiff] does not intend to produced [sic] any prosecution-related documents created after December 31, 2006.[15]

---

[15] Pl. Thermal Solutions, Inc.'s Resps. to Def. Vita Craft Corp.'s Second Req. for Docs. to
(continued...)

Plaintiff argues that its general objections are not the kind of boilerplate general objections of which the Court disapproves. According to Plaintiff, its general objections "specifically object to the definition of the term 'Patent File History' and set forth four paragraphs of explanation describing the basis for the objection given the issues in this case. [Plaintiff] lodged its objection 'generally' because the term is used in 11 of the 20 document requests."[16] Plaintiff argues that it has shown the application of its general objections to Document Request Nos. 84-95.[17]

The Court has read Plaintiff's general objections several times and simply cannot agree with Plaintiff's characterization of its general objections. Plaintiff begins its general objections with the statement that Plaintiff objects to the document requests "to the extent that" they exceed the scope of discovery permitted by Fed. R. Civ. P. 26. The Court has repeatedly frowned upon the use of the phrase "to the extent that" because it renders the objection a hypothetical one, and is therefore meaningless. Plaintiff then asserts that its general objections should be considered incorporated within each of its responses to the document requests as though the general objections were set forth "in whole or in part within any particular response." This leaves the Court (and Defendants) trying to guess which portion of Plaintiff's general objections should be applied to a particular document request.

Further, in the second paragraph of Plaintiff's general objections, Plaintiff does not, as Plaintiff argues, make a specific objection to the term "Patent File History" and then provide four

---

[15](...continued)
Pl. (attached as Ex. B to Def.'s Mem. in Supp. of its Second Mot. to Compel (doc. 117)) at 1-3.

[16] TSI's Mem. in Opp'n to Def.'s Second Mot. to Compel (doc. 128) at 10.

[17] *Id.*

paragraphs explaining the basis for that objection. Instead, Plaintiff objects generally to the "sweeping definitions" used by Defendants on various grounds. Plaintiff identified "Patent File History" as an example of a "sweeping definition." Plaintiff does, however, provide a specific basis for its objections to the term Patent File History, which can easily be applied to the document requests using that term. The Court therefore finds that Plaintiff has shown the application of its objections to the term Patent File History, and will therefore consider those objections, which are discussed below.

The remaining paragraphs in Plaintiff's general objections object that "these requests" are not relevant, that "several of the requests" are not relevant, and that "defendants' requests" are overbroad. Plaintiff, however, fails to show the application of these general objections to the specific discovery requests.

The Court therefore concludes that Plaintiff waived its general objections with the exception of its objections to the term Patent File History, which is used in Document Request Nos. 84, 86, 88, 90, 92, 94, and 95.

### 2. *Plaintiff's Objections to the Term "Patent File History"*

The term Patent File History is used in Document Request Nos. 84, 86, 88, 90, 92, 94, and 95. Defendants define Patent File History as follows:

"Patent File History" includes its commonly understood meaning, which may be expanded, but not limited in any way, by this definition. The Patent File History shall include but not be limited to:

a) The applications filed in the United States Patent and Trademark Office ("USPTO"), all drafts of those applications, and any invention disclosure statements related to the subject matter of the patent or application;

b) The prosecution history of the patent or application and documents relating thereto, including all correspondence, amendments and replies to office actions submitted to or issuing from the USPTO concerning the patent or application, and all drafts of those documents;

c) All patent applications filed outside the United States that are counterparts of or correspond to the patent or application, all drafts of those applications, and the prosecution histories of these foreign counterparts; and

d) All documents that refer to or discuss patent applications filed outside the United States that are counterparts of or correspond to the patent or application.[18]

Plaintiff objects to this term on the grounds that it is (a) overbroad, and (b) primarily directed to documents protected by the attorney-client privilege and that Defendants "have no legitimate basis for demanding their production or logging, especially given the burden created for [Plaintiff] as a result of the demanding."[19] The Court will address each of these objections in turn.

*(a) Overly Broad*

Plaintiff has the burden of supporting its overly broad objection to the term Patent File History unless the Court finds that the term is overly broad on its face.[20] A discovery request is overly broad on its face if it uses an omnibus term such as "relating to," "pertaining to," or "concerning" to modify a general category or broad range of documents or information.[21] This is because a discovery request using such broad language "requires the respondent either to guess or

---

[18] Def. Vita Craft's Second Req. for Docs. to Pl. Thermal Solutions, Inc. (attached as Ex. A to Def.'s Mem. in Supp. of its Second Mot. to Compel (doc. 117)) at 2.

[19] Pl. Thermal Solutions, Inc.'s Resps. to Def. Vita Craft Corp.'s Second Req. for Docs. to Pl. (attached as Ex. B to Def.'s Mem. in Supp. of its Second Mot. to Compel (doc. 117)) at 2.

[20] *G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 647 (D. Kan. 2007) (citing *Etienne v. Wolverine Tube Inc.*, 185 F.R.D. 653, 656 (D. Kan.1999)).

[21] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006).

move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[22]  In contrast, a request that uses an omnibus phrase to modify a sufficiently specific type of information, group of documents, or particular event will not be deemed objectionable on its face.[23]

The Court has reviewed the term Patent File History, as defined by Defendants, and concludes that the term is not overly broad on its face.  Although the definition of Patent File History includes certain omnibus terms, those terms are used to modify a sufficiently specific set of information – patents or patent applications discussed in the particular document request.   Thus, Plaintiff has the burden of showing that the term Patent File History is overly broad.

Plaintiff argues that the term Patent File History, as defined by Defendants, is overly broad because

> [i]n view of the documents [Plaintiff] has produced for the patents in suit and familial patents and patent applications, [Defendant] Vita Craft's request for the "Patent File History" of these patents and applications is tantamount to asking for the working files of [Plaintiff's] patent counsel.  Rather than seeking discoverable documents, [Defendant] Vita Craft seems more intent on forcing [Plaintiff] to prepare an extensive log of documents that it both knows and agrees are privileged.[24]

Plaintiff further argues that "[t]o require [Plaintiff] to undertake such burden, whether unduly burdensome or not, is both inappropriate and unnecessary."[25]  According to Plaintiff,

> [w]ith respect to the Patent File Histories, as that term is defined by [Defendant] Vita Craft, the only documents [Plaintiff] has not produced for the patents in suit and a

---

[22] *Id.* (quotations and citations omitted).

[23] *Id.* (citations omitted).

[24] TSI's Mem. in Opp'n to Def.'s Second Mot. to Compel (doc. 128) at 10.

[25] *Id.*

vast majority of the familial patents are the privileged draft documents and a privilege log of Hovey's files. . . . And even if [Plaintiff] does have - which is not likely - additional, responsive documents for the familial or non-familial patents, they have no relevance to the parties' infringement and invalidity claims in this case.[26]

The Court notes that instead of supporting its claim that the term Patent File History is overbroad, Plaintiff argues that the term, as defined by Defendants and used in Document Request Nos. 84, 86, 88, 90, 92, 94, and 95, seeks information protected by the attorney-client privilege. The Court is not persuaded that the term Patent File History is overbroad simply because it seeks documents that may be protected by the attorney-client privilege. The Court therefore overrules Plaintiff's overbroad objection to the term Patent File History.

### (b) Attorney-Client Privilege

Plaintiff objects to the term Patent File History on the grounds that it is primarily directed to documents protected by the attorney-client privilege. Under federal common law, the essential elements of the attorney-client privilege are:

(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.[27]

The party asserting the attorney-client privilege has the burden of establishing the applicability of

---

[26] *Id.* at 14.

[27] *Williams v. Sprint/United Mgmt Co.*, No. 03-2200-JWL, 2006 WL 266599, at *1-2 (D. Kan. Feb. 1, 2006) (citations omitted). Because this action arises under a federal statutory scheme, federal law provides the rule of decision as to the application of the attorney-client privilege. *See Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368-69 (10th Cir.1997) (federal privilege law applies to federal claims). However, the Court notes there is no real conflict between federal and Kansas law regarding the attorney-client privilege. *See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998).

the attorney-client privilege.[28]  To satisfy this burden, the objecting party must describe in detail the documents or information withheld on the basis that they are protected by the attorney-client privilege so as to enable the Court to assess the applicability of the attorney-client privilege.[29]  Thus, parties withholding otherwise responsive documents must provide a privilege log or its equivalent when withholding information on grounds of the attorney-client privilege or work product doctrine.[30]

Although Plaintiff objected to the term Patent File History on the grounds that the term is primarily directed at documents protected by the attorney-client privilege, Plaintiff has not provided Defendants or the Court with a privilege log describing the otherwise responsive documents that Plaintiff is withholding on that basis.  Plaintiff argues that a privilege log was not necessary.

*(i) Was Plaintiff required to provide Defendants with a privilege log?*

Plaintiff argues that a privilege log was not necessary for several reasons. First, Plaintiff points out that "'[t]he purpose of the privilege log is to provide the opposing party and the court with enough information to evaluate the claim of privilege.'"[31]  Plaintiff therefore argues that "[b]ecause both parties agree that the draft documents and related correspondence maintained in [Plaintiff's] patent counsel's files are properly subject to a claim of privilege, requiring [Plaintiff] to develop a

---

[28] *Johnson v. Gmeinder*, Nos. Civ. A. 98-2556-GTV, Civ. A. 98-2585-GTV, 2000 WL 133434, at *4 (D. Kan. Jan. 20, 2000) (citations omitted).

[29] *Simmons Foods, Inc. v Willis*, No. 97-4192-RDR, 2000 WL 204270, at *4 (D. Kan. Feb. 8, 2000) (quotations and citations omitted); Fed. R. Civ. P. 26(b)(5) (a party withholding otherwise discoverable information on the grounds that it is privileged must expressly make the claim and describe the information in a manner that will enable the other parties to assess the privilege claim).

[30] *Etienne*, 185 F.R.D. at 656 (citing Fed. R. Civ. P. 26(b)(5)).

[31] TSI's Mem. in Opp'n to Def.'s Second Mot. to Compel (doc. 128) at 10 (quoting *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, No. 08-1204-WEB, 2009 WL 2913535 (D. Kan. Sept. 4, 2009)).

privilege log for such documents serves no purpose but to force [Plaintiff] to incur unnecessary litigation fees."[32]  Second, according to Plaintiff, "it should not be required to log privileged documents when the requests themselves, on their face, specifically and improperly seek privileged documents."[33]  Finally, Plaintiff argues that creation of a privilege log would create an undue and unnecessary burden on Plaintiff.[34]

The Court is not persuaded by Plaintiff's arguments that a privilege log is not necessary. First, Defendants deny that they made any agreement with Plaintiff that the drafts of patent applications and related correspondence are privileged, and Plaintiff has not provided any such agreement to the Court.[35]  Second, the Court finds that Plaintiff has not demonstrated how the term Patent File History, on its face, seeks privileged documents.  Plaintiff's conclusory statements that Defendants' requests for the Patent File History of the patents and applications involved in this action "is tantamount to asking for the working files of [Plaintiff's] patent counsel"[36] and that "[t]hese draft documents and communications [] are protected by the attorney client privilege"[37] are insufficient to show that the term Patent File History, on its face, seeks privileged documents.  In addition, such conclusory statements do not demonstrate that a privilege log is unnecessary.

---

[32] *Id.* at 10-11.

[33] TSI's Resp. to Defs.' Mem. Regarding Pl.'s Waiver of Objections and Other Unresolved Disc. Issues (doc. 215) at 15.

[34] TSI's Mem. in Opp'n to Def.'s Second Mot. to Compel (doc. 128) at 7 and 10.

[35] Def.'s Substitute Reply in Supp. of Second Mot. to Compel (doc. 134) at 13.

[36] TSI's Mem. in Opp'n to Def.'s Second Mot. to Compel (doc. 128) at 10

[37] Pl. Thermal Solutions, Inc.'s Resps. to Def. Vita Craft Corp.'s Second Req. for Docs. to Pl. (attached as Ex. B to Def.'s Mem. in Supp. of its Second Mot. to Compel (doc. 117) at 2.

Further, in *Coffeyville*, the case relied upon by Plaintiff to support its claim that a privilege log is not necessary, the court discussed the purpose of the privilege log and explained,

> As the Magistrate noted, the source, recipient, date of preparation, purpose, and claimed privilege in this instance were all *sufficiently identified and discussed in the parties' various briefs*. It was not error or abuse of discretion for the Magistrate to conclude that '[u]nder the circumstances, no purpose is served by requiring a formal privilege log for one document.'[38]

Unlike in *Coffeyville*, the parties' briefs in this case do not identify the source, recipient, date of preparation, or the purpose of the documents that Plaintiff is withholding on the grounds of attorney-client privilege. Indeed, this information is not likely even known to Plaintiff, who apparently has not reviewed the documents, but rather has relied upon statements by Plaintiff's patent counsel. Without this information, the Court cannot determine whether each element of the attorney-client privilege has been satisfied.

Finally, Plaintiff fails to support its claim that creation of a privilege log puts an undue and unnecessary burden on Plaintiff. According to Plaintiff, it

> "confirmed with its patent counsel – Hovey Williams – that it was highly unlikely that it possessed additional relevant, non-privileged documents that had not already been produced from [Plaintiff's] files or that were not publicly available to [D]efendants (i.e., the USPTO patent file history and/or prior art patents disclosed in those files)."[39]

Thus, Plaintiff argues,

> Contrary to [Defendant] Vita Craft's statement that [Plaintiff] and its counsel refuse to even look for responsive documents, [Plaintiff] instead explained that it has satisfied its obligations and should not have to waste any more resources reviewing

---

[38] *Coffeyville*, 2009 WL 2913535, at *5 (emphasis added).

[39] TSI's Mem. in Supp. of its Disc. Positions (doc. 201) at 1.

the files maintained by [Plaintiff's] patent counsel, given the probability that any relevant, non-privileged documents already had been produced.[40]

The Court notes that Fed. R. Civ. P. 25(b)(5) "does not attempt to define for each case what information must be provided when a party asserts a claim for privilege or work product protection."[41]  For example, "[d]etails concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories."[42]   Here, however, Plaintiff has not explained why the creation of a privilege log containing details concerning the time, persons, general subject matter, etc., would be unduly burdensome.  Indeed, in all of the briefing submitted by Plaintiff, there is no affidavit or other evidence explaining how many responsive documents are being withheld on the grounds of privilege and why it would be unduly burdensome for Plaintiff to create a privilege log describing those documents.[43]

Accordingly, the Court concludes that Plaintiff fails to show that it was not required to provide a privilege log describing the otherwise responsive documents that Plaintiff withheld on the grounds of attorney-client privilege.

---

[40] TSI's Mem. in Opp'n to Def.'s Second Mot. to Compel (doc. 128) at 7.

[41] *Queen's Univ. at Kingston v. Kinedyne Corp.*, 161 F.R.D. 443, 446 (D. Kan. 1995) (citation and quotations omitted).

[42] *Id.*

[43] *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, Civ. A. No. 07-2388-DJW, 2008 WL 3822773, at *6 (D. Kan. Aug. 13, 2008) (party asserting undue burden has the burden of supporting its objection).

*(ii) Has Plaintiff supported its attorney-client privilege objection?*

Without a privilege log, or its equivalent, the Court lacks sufficient information to determine whether the attorney-client privilege applies to those documents withheld by Plaintiff.  The Court therefore concludes that Plaintiff failed to make the required showing that the attorney-client privilege applies to the documents it refused to produce.  Having reached such a conclusion, the Court may deem the attorney-client privilege waived.[44]  Although a finding of waiver is not required, the Advisory Committee Notes to Fed. Civ. P. 26(b)(5)(A) "contemplate[] the sanction: '[t]o withhold materials without [providing the information required by Rule 26(b)(5)] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.'"[45]  Because waiver is a harsh sanction, courts often reserve such a penalty for those cases of unjustified delay, inexcusable conduct, and bad faith.[46]  "Minor procedural violations, good faith attempts at compliance and other such mitigating circumstances bear against finding waiver."[47]  Thus, in determining whether to deem Plaintiff's attorney-client privilege waived, the Court must consider the circumstances presented in this particular case.

---

[44] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005) ("The law is well-settled that, if a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived.") (citations omitted).

[45] *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifetime Learning, Inc.*, 586 F.Supp. 2d 1250, 1266 (D. Kan. 2008) (quoting Fed. R. Civ. P. 26(b)(5) advisory committee notes (1993 amendments)).

[46] *See e.g., id.*; *Gipson v. Southwestern Bell Tel. Co.*, No. 08-2017, 2009 WL 790203, at *11 (D. Kan. March 24, 2009); *Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.*, No. 05-2433-JWL, 2007 WL 1347754, at *2 (D. Kan. May 8, 2007); *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F.Supp. 1356, 1361 (D. Kan. 1995) (collecting cases), *rev'd on other grounds*, 101 F.3d 645 (10th Cir. 1996).

[47] *White*, 586 F.Supp.2d at 1266.

Here, Plaintiff objected to the term Patent File History, which is used in Document Request Nos. 84, 86, 88, 90, 92, 94, and 95, on the grounds that it is primarily directed to documents protected by the attorney-client privilege. Despite asserting this objection, Plaintiff failed to sufficiently articulate why the documents it is withholding are protected by the attorney-client privilege in its response to the Motion or in its additional briefing submitted in connection with the discovery dispute conferences with the Court. In addition, although required to do so, Plaintiff failed to provide the Court and Defendants with a privilege log, or its equivalent, describing those documents it is withholding on the grounds that they are protected by the attorney-client privilege. Plaintiff therefore failed entirely to support its claim that the attorney-client privilege applies to the documents being withheld. Plaintiff was likely unable to support its claim because Plaintiff never actually reviewed the documents before asserting the attorney-client privilege. The Court finds no mitigating circumstances that would bear against finding waiver.

Having considered the totality of the circumstances presented in this case, the Court concludes that it is appropriate to deem Plaintiff's attorney-client privilege waived with respect to the term Patent File History and the document requests applying that term: Nos. 84, 86, 88, 90, 92, 94, and 95. Because Defendants have made it clear that they are not arguing that Plaintiff waived any privilege by not logging documents created after March 29, 2006,[48] the Court shall limit its waiver ruling as follows: Plaintiff has waived its attorney-client privilege for those documents that are responsive to Document Request Nos. 84, 86, 88, 90, 92, 94, and 95 and were created before March 29, 2006.

---

[48] Defs.' Resp. to TSI's Mem. in Supp. of its Disc. Positions (doc. 206) at 18.

### 3. *Plaintiff's Specific Overbroad Objection*

Plaintiff objects to Document Request Nos. 84-95 on the grounds that they are overly broad. As an initial matter, the Court notes that it has already overruled Plaintiff's overbroad objection to the term Patent File History, which is used in Document Request Nos. 84, 86, 88, 90, 92, 94, and 95, and therefore the Court will not revisit that issue again here.

Plaintiff has the burden of supporting its overly broad objection to Document Request Nos. 84-95 unless the Court finds that the requests are overly broad on their face.[49] The Court has reviewed Document Request Nos. 84-95 and concludes that they are not overly broad on their face. Thus, Plaintiff must show how each of these document requests is overbroad.

Plaintiff argues that Document Request Nos. 84-95 are "overbroad" and "wildly overbroad." In support of this argument, Plaintiff claims that these document requests seek information that is not relevant. Although overbreadth and relevance are not identical objections, in this case, if the requested information is not relevant then it could certainly be considered outside the scope of permissible discovery, thereby making the document request overbroad. As such, the Court will consider Plaintiff's relevance arguments in support of its overbroad objection.

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .."[50] "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of a party."[51]

---

[49] *G.D.*, 239 F.R.D. at 647 (citations omitted).

[50] Fed. R. Civ. P. 26(b)(1).

[51] *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[52]

Conversely, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[53]

The Court has reviewed Document Request Nos. 84-95 and concludes that they appear relevant to the claims and defenses in this case. Thus, Plaintiff has the burden of establishing the lack of relevance. According to Plaintiff, Defendants only make three arguments for the relevance of these document requests: (1) the claim construction of the patents in suit; (2) the determination of a reasonable royalty; and (3) Defendants' patent misuse claim. Plaintiff argues that the document requests do not seek relevant information because Judge Lungstrum's claim construction order[54] entered after the *Markman* hearing moots Defendants' first argument concerning the relevance of the requested documents.[55] Plaintiff further argues that Defendants' second and third arguments "are grounded in a misunderstanding of the nature of the license agreements."[56] The Court finds Plaintiff's arguments unpersuasive.

---

[52] *Etienne*, 185 F.R.D. at 656-57 (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (internal quotations omitted).

[53] *Id.* at 657 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

[54] Mem. & Order (doc. 118) (construing certain claim terms found in the relevant patents' claims).

[55] TSI's Mem. in Opp'n to Def.'s Second Mot. to Compel (doc. 128) at 11-14.

[56] *Id.* at 3-5 and 13-14.

The Court declines to interpret Judge Lungstrum's claim construction ruling for the parties and, indeed, no such interpretation is necessary to determine the relevance of the information sought by the parties. It appears to the Court that the information sought through Document Request Nos. 84-95 is relevant to the claims and defenses in this case, specifically the claims of patent infringement, invalidity and misuse, bad faith, and reasonable royalty. Moreover, although Plaintiff spends much of its briefing attempting to explain why Defendants' claims of patent misuse and bad faith "are grounded in a misunderstanding of the nature of the license agreements,"[57] Plaintiff cannot "remove" certain claims and defenses from the case by explaining why they are "grounded in a misunderstanding." These claims and defenses are asserted in this case, which means that under Fed. R. Civ. P. 26(b), Defendants are entitled to obtain discovery relevant to these claims and defenses. The Court therefore overrules Plaintiff's objection that Document Request Nos. 84-95 are overbroad because they seek information that is not relevant.

### 4. *Plaintiff's Specific Relevance Objection*

Plaintiff made specific relevance objections to Document Request Nos. 90, 91, 92, and 93. As the Court already explained, in defending its overbroad objections to Document Request Nos. 84-95, Plaintiff argued that the documents sought were not relevant.[58] Plaintiff offers no new arguments as to the relevance, or lack thereof, of Document Request Nos. 90, 91, 92, and 93. The Court therefore concludes that it need not reexamine the issue of relevance here. Thus, for the same reasons discussed in Section III.A.3 of this Memorandum and Order, the Court overrules Plaintiff's relevance objections to Document Request Nos. 90, 91, 92 and 93.

---

[57] *Id.* at 13-14.

[58] *See* Section III.A.3 of this Mem. & Order.

### 5.    *Plaintiff's Specific Undue Burden Objection*

Plaintiff initially asserted undue burden objections to Document Request Nos. 84-95. However, Plaintiff failed to reassert these undue burden objections in its response to the Motion. The Court therefore finds that Plaintiff has waived its undue burden objections to Document Request Nos. 84-95.[59]

Even if Plaintiff had not abandoned its unduly burdensome objection, Plaintiff failed entirely to support the objection. Plaintiff, as the party "asserting undue burden in response to a discovery request[,] has the burden to support its objection, by showing not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery."[60] "This typically requires providing an affidavit or other evidentiary proof of the expense or time involved in responding to the discovery request. At the very least, the objecting party must provide a 'detailed explanation' as to the nature and extent of the claimed burden or expense."[61]

Plaintiff has not provided an affidavit, other evidentiary proof, or a detailed explanation of the burden or expense it would incur in responding to Document Request Nos. 84-95. Rather,

---

[59] It is well settled that any objections to discovery requests which are not timely asserted are deemed waived, unless the responding party establishes good cause to excuse its failure to timely object. *See, e.g., Lipari v. U.S. Bancorp., N.A.*, No. 07-2146-CM, 2008 WL 2704473, at *1 n. 2 (D. Kan. July 8, 2008) (objections to requests for production waived when not asserted in a timely response to the requests); *Brackens v. Shield*, No. 06-2405-JWL, 2007 WL 2122428, at *1 (D. Kan. July 20, 2007) ("[I]n the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) ("[The Court] deems objections not initially raised as waived . . .. The waiver or abandonment of objections also precludes their later assertion in a supplemental response.").

[60] *Foreclosure Mgmt. Co.*, 2008 WL 3822773, at *6.

[61] *Id.* (citations omitted).

Plaintiff makes broad and conclusory statements as to the burden in responding to Defendant's documents requests, which is insufficient to establish undue burden. Thus, even if Plaintiff had not abandoned its undue burden objection, the Court would overrule the objection.

**B.     Hard Copy Hovey Files and ESI Hovey Files**

The Court now turns to the parties' issues related to the hard copy Hovey Files and the ESI Hovey Files.

*1.     Fed. R. Civ. P. 26(g)*

Fed. R. Civ. P. 26(g) requires every discovery response to be signed by the attorney of record.[62] This signature "certifies that to the best of the [attorney's] knowledge, information, and belief formed after a reasonable inquiry," the discovery response is "consistent with these rules and warranted by existing law."[63] Defendants argue that Plaintiff violated Fed. R. Civ. P. 26(g) because Plaintiff did not actually review certain documents before objecting to the production of those documents on the grounds of privilege and lack of relevance.[64] The Court is discussing Defendants' Fed. R. Civ. P. 26(g) argument in this section of the Memorandum and Order because, based on a review of the parties' relevant pleadings, it appears that the documents not reviewed by Plaintiff's counsel are the hard copy Hovey Files and the ESI Hovey Files.

Plaintiff claims that it "confirmed with its patent counsel – Hovey Williams – that it was highly unlikely that it possessed additional relevant, non-privileged documents that had not already

---

[62] Fed. R. Civ. P. 26(g)(1).

[63] *Id.*

[64] Def.'s Mem. in Supp. of its Second Mot. to Compel (doc. 117) at 8.

been produced from [Plaintiff's] files or that were not publicly available to [D]efendants."[65]  In addition, Plaintiff states that it "conferred with Hovey lawyer [sic] regarding the types of documents within its ESI.  With respect to [Plaintiff's] patent files, all substantive communications and non-privileged documents . . . would have been printed and placed in Hovey's hard copy files for each patent application."[66]  Thus, the question for the Court is whether Plaintiff's counsel's reliance on statements by certain attorneys working for Hovey Williams, the firm that handled Plaintiff's patent work, concerning the contents of the hard copy Hovey Files and the ESI Hovey Files constitutes a "reasonable inquiry" under Fed. R. Civ. P. 26(g).

According to the Advisory Committee Notes to Fed. R. Civ. P. 26(g), "[t]he duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances. . . .  In making the inquiry, the attorney may rely on assertions by the client and on communications with other counsel in the case as long as that reliance is appropriate under the circumstances."[67]  The ultimate determination of what is reasonable is for the court to decide based on the totality of the circumstances.[68]

The Court concludes, under the totality of the circumstances in this case, that Plaintiff failed to conduct a reasonable inquiry before objecting to production of the hard copy Hovey Files and ESI Hovey Files on the grounds that the documents and information is privileged and lacks relevance. Plaintiff failed to provide any evidence that any attorney at Hovey Williams actually reviewed the

---

[65] TSI's Mem. in Supp. of its Disc. Positions (doc. 201) at 1.

[66] *Id.* at 7.

[67] Fed. R. Civ. P. 26(g) advisory committee notes (1980 amendments).

[68] *Id.*

hard copy Hovey Files and the ESI Hovey Files before informing Plaintiff as to the content of those files. Moreover, although Plaintiff claims that it "confirmed with its patent counsel – Hovey Williams – that it was highly unlikely that it possessed additional relevant, non-privileged documents that had not already been produced from [Plaintiff's] files or that were not publicly available to [D]efendants," Plaintiff fails to explain how it is that attorneys at Hovey Williams were informed as to the entire content of the hard copy Hovey Files, the ESI Hovey Files, Plaintiff's files, and the documents already produced from Plaintiff's files so as to be qualified to make such a claim.

In addition, the Court notes that Plaintiff does not claim that documents responsive to Document Requests Nos. 84-95 do not exist within the hard copy Hovey Files or the ESI Hovey Files. Rather, Plaintiff argues that it is "highly unlikely" that such documents exist based on statements made by attorneys at Hovey Williams and, therefore, Plaintiff "should not have to waste any more resources reviewing the files maintained by [Plaintiff's] patent counsel, given the probability that any relevant, non-privileged documents [have] already been produced."[69] Plaintiff appears to be arguing that, under Fed. R. Civ. P. 26(g), it should not be required to review the hard copy Hovey Files and the ESI Hovey Files because such a search would be "unreasonable [or] unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."[70] However, Plaintiff provides no affidavits or other evidence in support of this argument. Furthermore, the Court's review of the Pretrial Order (doc. 199) recently entered in this case shows that Plaintiff is seeking damages in the amount of $38,500,00.00 and that Defendants Vita Craft and Imura International

---

[69] TSI's Mem. in Opp'n to Def.'s Second Mot. to Compel (doc. 128) at 7.

[70] Fed. R. Civ. P. 26(g)(1).

U.S.A., Inc. are seeking damages in the amount of $6,101,936.43.[71] In addition, both Plaintiff and Defendants are seeking declaratory judgments concerning the invalidation and infringement (or lack thereof) of certain patents.[72] Thus, it appears to the Court that in light of the amounts in controversy and the issues at stake in the action, requiring Plaintiff to review the hard copy Hovey Files and the ESI Hovey Files is not unreasonable or unduly burdensome or expensive. Moreover, any cost to Plaintiff could certainly be lessened if Plaintiff allowed Defendants to conduct a quick peek of all of the hard copy Hovey Files and the ESI Hovey Files. Indeed, this seems to be a viable option considering that Plaintiff and Defendants previously agreed to and conducted a quick peek of certain hard copy Hovey Files.

The Court concludes that, under the circumstances in this case, Plaintiff's counsel's reliance on statements by certain attorneys working for Hovey Williams concerning the contents of the hard copy Hovey Files and the ESI Hovey Files did not constitute a "reasonable inquiry" under Fed. R. Civ. P. 26(g). Consequently, the Court concludes that Plaintiff failed to comply with Fed. R. Civ. P. 26(g)(1).

Under Fed. R. Civ. P. 26(g), if a party fails to conduct a reasonable inquiry without substantial justification before responding to discovery requests "the court, on motion or on its own, must impose an appropriate sanction" on the attorney signing the responses to the discovery requests, the party on whose behalf the attorney was signing, or both.[73] "Rule 26(g) makes explicit the authority judges [] have to impose appropriate sanctions and requires them to use it. . . . The

---

[71] Pretrial Order (doc. 199) at 58-59.

[72] *Id.* at 59-60.

[73] Fed. R. Civ. P. 26(g)(3).

nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances."[74]

The Court concludes that the appropriate sanction here is to require Plaintiff to allow Defendants to conduct a quick peek of all hard copy Hovey Files and ESI Hovey Files that may contain any information at all responsive to Document Request Nos. 84-95. The Court warns Plaintiff that the intent here is to require Plaintiff to allow Defendants to conduct a quick peek of *all* the hard copy Hovey Files and ESI Hovey Files that may in anyway to be responsive to Document Requests Nos. 84-95. Plaintiff is not permitted to exclude any documents from this quick peek on the grounds that they are not relevant or protected by any privilege. In addition, after Defendants have conducted this quick peek and identified the documents and electronically stored information that are responsive to Document Request Nos. 84-95 (and *only* the responsive documents and electronically stored information), Plaintiff must produce those documents without objection. Any objections to documents and electronically stored information responsive to Document Request Nos. 84-95 have either been overruled or deemed waived by the Court. However, for those documents and electronically stored information that are responsive to Document Request Nos. 84-95 and selected by Defendants, but have previously been noted on a privilege log created by Plaintiff and produced to Defendants, the privilege status shall remain unaffected by this Memorandum and Order.

Counsel for the parties are ordered to work together to determine the procedure to be used to conduct a quick peek of the hard copy Hovey Files and the ESI Hovey Files. This quick peek shall take place **within 10 days** of the date of this Memorandum and Order.

---

[74] Fed. R. Civ. P. 26(g) advisory committee notes (1980 amendments).

### 2. Privilege Log From First Quick Peek

Defendants argue that Plaintiff's delay in providing a privilege log for documents withheld on the grounds of privilege after Defendants' first quick peek of the hard copy Hovey Files results in a waiver of the privilege for those documents. The first quick peek took place on or about July 31, 2009, and Plaintiff did not provide a privilege log for documents withheld on the grounds of privilege from that first quick peek until March 10, 2010, after that issue was raised by Defendants' counsel during the March 1, 2010 hearing before Magistrate Judge David J. Waxse.

The parties devote more than 50 pages to their arguments concerning this issue, which the Court has reviewed. The Court need not repeat those arguments here. Having reviewed these arguments, the Court finds that Plaintiff's failure to provide a privilege log after the first quick peek was inadvertent and that Defendants delayed in raising this issue with the Court until the March 1, 2010 hearing.[75] The Court therefore concludes that Plaintiff has not waived its privilege for those documents withheld during the first quick peek.

### 3. Electronic Information Found in the ESI Hovey Files

The parties do not agree as to whether Plaintiff should be required to review and produce electronic information found in the ESI Hovey Files. However, the Court has already ordered Plaintiff to allow Defendants to conduct a quick peek of the ESI Hovey Files. Thus, the Court need not address this issue a second time.

---

[75] D. Kan. 37.1(b) ("Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default . . . that is the subject of the motion . . . . Otherwise, the objection to the default . . . is waived.").

#### 4.     *Second Quick Peek of the Hard Copy Hovey Files*

The parties dispute exactly what hard copy Hovey Files Defendants were permitted to review during the second quick peek ordered by the Court on March 4, 2010. However, the Court concludes that it need not decide this issue, as it has now ordered Plaintiff to allow Defendants to conduct a quick peek of all hard copy Hovey Files (as well as the ESI Hovey Files) which may in anyway be responsive to Document Request Nos. 84-95.

## IV.     EXPENSES

For the reasons set forth above, the portion of the Motion now before the Court is granted in part and denied in part. Combined with the Court's earlier orders concerning this Motion, the entire Motion has now been granted in part and denied in part. Having granted in part and denied in part the Motion, the Court "may . . . apportion the reasonable expenses for the motion."[76] The Court finds that each party shall be responsible for its own expenses incurred in connection with the Motion.

## V.     CONCLUSION

The Court summarizes its ruling as follows:

1.     With respect to Defendants' Document Request Nos. 84-95:

    a.     All of Plaintiff's general objections, with the exception of its objections to the term Patent File History, are deemed waived.

    b.     (i) Plaintiff's overbroad objection to the term Patent File History is overruled, (ii) Plaintiff was required to produce a privilege log, and (iii) Plaintiff has waived its attorney-client

---

[76] Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion.").

privilege for those documents that are responsive to Document Request Nos. 84, 86, 88, 90, 92, 94, and 95 and that were created before March 29, 2006.

        c.      Plaintiff's specific overbroad objection to Document Request Nos. 84-95 is overruled.

        d.      Plaintiff's specific relevance objection to Document Request Nos. 90-93 is overruled.

        e.      Plaintiff waived its undue burden objection to Document Request Nos. 84-95.

   2.      With respect to the hard copy Hovey Files and the ESI Hovey Files:

        a.      Plaintiff did not conduct a reasonable inquiry of the hard copy Hovey Files and the ESI Hovey Files before objecting to the production of those documents and information, thereby violating Fed. R. Civ. P. 26(g). The Court therefore orders Plaintiff to allow Defendants to conduct a quick peek of all hard copy Hovey Files and ESI Hovey Files that may contain any information at all responsive to Document Request Nos. 84-95. The Court warns Plaintiff that the intent here is to require Plaintiff to allow Defendants to conduct a quick peek of *all* the hard copy Hovey Files and ESI Hovey Files that may in anyway to be responsive to Document Requests Nos. 84-95. Plaintiff is not permitted to exclude any documents from this quick peek on the grounds that they are not relevant or protected by any privilege. In addition, after Defendants have conducted this quick peek and identified the documents and electronically stored information that are responsive to Document Request Nos. 84-95 (and *only* the responsive documents and electronically stored information), Plaintiff must produce those documents without objection. Any objections to documents and electronically stored information responsive to Document Request Nos. 84-95 have either been overruled or deemed waived by the Court. However, for those documents and

electronically stored information that are responsive and selected by Defendants, but have previously been noted on a privilege log created by Plaintiff and produced to Defendants, the privilege status shall remain unaffected by this Memorandum and Order. Counsel for the parties are ordered to work together to determine the procedure to be used to conduct a quick peek of the hard copy Hovey Files and the ESI Hovey Files. This quick peek shall take place **within 10 days** of the date of this Memorandum and Order.

        b.      Plaintiff's delay in providing a privilege log for documents withheld on the grounds of privilege after Defendants' first quick peek of the hard copy Hovey Files did not result in a waiver of the privilege for those documents.

        3.      Finally, having overruled all of Plaintiff's objections to Document Request Nos. 84-95, the Court orders Plaintiff to produce to Defendants, **within 20 days** of the date of this Memorandum and Order, all documents and information (hard copy and ESI) within Plaintiff's custody, possession and control that are responsive to Document Request Nos. 84-95. To avoid duplication, Plaintiff shall not be required to review the hard copy Hovey Files and the ESI Hovey Files, as the Court has already ordered Plaintiff to allow Defendants to conduct a quick peek of these files. Plaintiff must produce the responsive documents and information without objection, as any objections have either been overruled or deemed waived by the Court. However, for those documents and electronically stored information that are responsive to Document Request Nos. 84-95, but have previously been noted on a privilege log created by Plaintiff and produced to Defendants, the privilege status shall remain unaffected by this Memorandum and Order.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Compel Plaintiff to

Produce Responsive Documents (doc. 116) is granted in part and denied in part.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 28th day of April 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties.