IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HR TECHNOLOGY, INC., )
f/k/a THERMAL SOLUTIONS, INC., )
 )
      Plaintiff, )
 )
v. ) Case No. 08-2220-JWL
 )
IMURA INTERNATIONAL U.S.A., INC.; )
VITA CRAFT CORPORATION; and )
MAMORU IMURA, an individual, )
 )
      Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendants' Motion for Sanctions for Plaintiff's Failure to Comply with Discovery Orders (Doc. # 250). As more fully set forth below, the motion in **granted in part and denied in part**.

### **I.**    **Background**

On April 28, 2010, the Magistrate Judge issued a written Memorandum and Order ("Order # 218"), by which he ruled on defendants' motion to compel responses by plaintiff to defendants' document requests 84-95, which sought documents related to certain patent files. The Magistrate Judge overruled plaintiff's objections to those requests (including regarding relevance and overbreadth), either on the merits or by

finding that the objections had been waived. With respect to certain requests (nos. 84, 86, 88, 90, 92, 94, 95), the Magistrate Judge ruled that plaintiff had waived the attorney-client privilege for documents created before March 29, 2006, and he ruled that the privilege had been waived entirely with respect to the other requests. The Magistrate Judge also concluded that plaintiff violated Fed. R. Civ. P. 26(g) by failing to review hard-copy and electronic documents held by Hovey Williams ("Hovey"), plaintiff's patent counsel. As a sanction, he ruled that plaintiff had to produce all Hovey files "that may contain any information at all responsive to" requests 84-95, without excluding any document as irrelevant or privileged (with the exception of documents previously noted on a privilege log).

Also on April 28, 2010, the Magistrate Judge issued a written Memorandum and Order ("Order # 219"), by which he ruled on defendants' motion to compel with respect to plaintiff's designation of its principal, Brian Clothier, as an expert witness. The Magistrate Judge ruled that plaintiff was not required to provide an expert report for Mr. Clothier. The Magistrate Judge then ruled that plaintiff had waived any privilege with respect to defendants' document request 52, which sought "[a]ll documents provided to, or reviewed or relied upon by expert witness [sic] that you intend to call as a witness in this lawsuit."

Instead of producing additional documents as ordered by the Magistrate Judge, plaintiff filed a motion for review of Orders ## 218 and 219 by this Court. After a hearing conducted on May 13, 2010, the Court denied plaintiff's motion. The Court

ordered plaintiff to provide its supplemental response to request 52 by May 17, 2010, and it ordered plaintiff to make other documents available to defendants for inspection on May 18 and 19, 2010, and produce any selected documents within five days thereafter.

Plaintiff has now produced additional documents to defendants.[1] In the present motion, defendants argue that plaintiff has still failed to produce all responsive documents in compliance with the orders of the Magistrate Judge and this Court. Defendants request that plaintiff be ordered to produce certain documents that have been withheld, and as a sanction, they request that the Court bar expert testimony by Mr. Clothier, award defendants their fees and expenses incurred in bringing this motion, and impose other sanctions as necessary.[2]

## II.    Compliance with Order # 218

---

[1]Plaintiff did not produce the documents in accordance with the deadlines set by this Court, but instead produced documents on May 26, June 4, June 8, and June 9. Plaintiff did not seek more time from the Court, either at the hearing at which the Court imposed the deadlines, or by written motion. Although plaintiff offers excuses for the delay, it has not explained why it did not begin to prepare these documents for production immediately after the Magistrate Judge issued his rulings.

[2]In their original brief, defendants requested various specific sanctions, including dismissal of plaintiff's claims and prohibition of any opposition by plaintiff to defendants' claims and defenses. Defendants did not repeat their request for such sanctions in their reply brief, and defendants are therefore deemed to have abandoned their request for such harsh sanctions—sanctions that this Court would not have granted under the circumstances of this case in any event.

### A. Pre-2004 E-mails and Spoliation of Evidence

In their original brief in support of their motion for sanctions, defendants only argued that plaintiffs had failed to comply with Order # 218 by failing to produce from Hovey any electronic copies of e-mails from before 2004. Defendants argued that there must have been responsive e-mails from that period because relevant patent applications were prosecuted from 1998 to 2003. Plaintiff responds that it has produced any electronic copies of e-mails that Hovey has. As explained in affidavits, Hovey's normal e-mail policy has been that electronic copies of e-mails are only maintained for two years, and that any electronic document containing substantive information relating to legal services (whether in the e-mail or an attachment) is printed out and a hard copy is kept in the relevant file. Hovey searched all of the hard drives that it could and produced many additional electronic documents after defendants initially expressed concern about this issue. Thus, plaintiff has explained the absence of additional electronic copies of e-mails, and defendants have not shown that any existing documents have been withheld.

In reply, defendants have charged plaintiff with spoliation of evidence, as plaintiff's counsel has admitted to allowing electronic documents to be destroyed well after counsel should have known of a dispute and thus ensured retention of all potentially discoverable documents (and, apparently, continuing to this day). "A litigant has a duty to preserve evidence that he knows or should know is relevant to imminent or ongoing litigation." *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.*, 1998 WL 68879, at *5 (10th Cir. Feb. 20, 1998) (unpub. op.); *see also 103 Investors I, L.P. v.*

4

*Square D Co.*, 470 F.3d 985, 988-89 (10th Cir. 2006) (citing *Jordan F. Miller*'s spoliation analysis). The bad faith destruction of relevant documents may give rise to an inference at trial that production of the documents would have been unfavorable to the destroying party. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997). Bad faith is not required for other spoliation sanctions, however. *See 103 Investors*, 470 F.3d at 989. "A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *See Burlington, N. & S.F. Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). The two most important factors for a court in considering a spoliation sanction are "(1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party." *Jordan F. Miller*, 1998 WL 68879, at *4 (citing cases); *see also Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008) (affirming refusal to impose spoliation sanction where moving party could not show relevance of the evidence and thus could not show prejudice).

In the present case, plaintiff's counsel is at least somewhat culpable in carrying on with the firm's e-mail policy and failing to preserve electronic copies of potentially-relevant e-mails after the dispute with defendants arose and litigation ensued. Defendants have not shown bad faith, here, however, as Hovey acted pursuant to a general policy applying to all of its legal matters. Moreover, the amount of culpability is lessened by the fact that Hovey did make sure to preserve hard copies of any e-mails

containing substantive information. *See, e.g.*, *Streamline Capital, L.L.C. v. Hartford Cas. Ins. Co.*, 2005 WL 66891, at *3 (S.D.N.Y. Jan. 11, 2005) (fact that hard copies of e-mails were normally printed belied contention that document destruction took place).

Moreover, in light of the fact that all e-mails containing substantive information were printed and retained, defendants have not shown any prejudice from the destruction of electronic copies of those e-mails. For instance, defendants have not provided any examples of instances in which a substantive electronic copy of an e-mail was produced but no hard copy was retained. Accordingly, the Court concludes that no spoliation sanction is warranted here. Plaintiff is cautioned, however, that it has an ongoing duty to maintain all potentially-relevant documents, in whatever form they exist.

### B. *Review and Production of All Responsive Documents*

Plaintiff insists that it has produced all documents that are responsive to Requests 84 to 95 and that it has therefore complied with Order # 218. The description of plaintiff's efforts to comply, however, as stated in plaintiff's brief and in the accompanying affidavits, suggests that plaintiff did not review all files for responsive documents, but instead limited its review to files relating to the prosecution of patent applications. For instance, in its brief, plaintiff states that it produced "the file for every patent application Hovey has ever prosecuted on behalf of plaintiff," as well as all e-mails on Hovey's server "that related to the prosecution of plaintiff's patent applications." Hovey attorney John Collins states in his affidavit that Hovey produced its "hard copy files for all of [plaintiff's] patent prosecution related matters," and all

6

electronic documents related to those hard copy files. Similarly, Hovey attorney Vasuki Selvan states in her affidavit that Hovey produced "the prosecution-related hard copy files" that she understood plaintiff was ordered to produce. Finally, plaintiff's litigation counsel, Todd Tedesco, states in his affidavit that, in an effort to comply with Order # 218, his client gathered documents "that in any way related to [the client's] patent prosecution activities."

Plaintiff has not explained why it did not review or produce documents from files other than those related to its prosecution of patent applications. As defendants point out, responsive documents could quite logically be found in licensing or enforcement or general business files. Thus, on the face of plaintiff's brief and supporting affidavits, it appears that plaintiff has not fully complied with Order # 218 and reviewed all files for responsive documents. The Court would hope that plaintiff has by this point ensured that it did make a complete production, in light of defendants' raising this issue in their brief filed on August 6, 2010. Plaintiff has not sought leave to file a sur-reply, however, or otherwise informed the Court that it did indeed review and produce documents from all

files. Accordingly, the Court must conclude that plaintiff has not fully complied, and plaintiff is ordered to effect the necessary review and production by the deadline set forth below.

### III.   Compliance with Order # 219

### A. *Scope of Request 52*

In relevant part, Order # 219 (and this Court's subsequent rejection of plaintiff's objections to the order) involved plaintiff's response to defendants' request 52, which sought "[a]ll documents provided to, or reviewed or relied upon by expert witness [sic] that you intend to call as a witness in this lawsuit." In its recent production and in its opposition to defendants' motion, plaintiff has taken the position that the request is limited to documents that relate to Mr. Clothier's opinions. Plaintiff argues that the request would be absurd if it were interpreted with no limitation, such that documents relating to any subject (the weather, sports) were responsive. Defendants respond that plaintiff has improperly added a limitation not present in the request, and they argue that if any limitation is indeed imposed, then the proper limitation would restrict the request to documents relating to the litigation generally. In that way, defendants seek production of all correspondence between Mr. Clothier and his company's attorneys regarding any facet of the litigation (as any privilege has been deemed waived).

In resolving this issue, the Court must first look to the letter that defendants' counsel sent to plaintiff's counsel on December 3, 2009, after plaintiff had designated Mr. Clothier as an expert, by which counsel asked plaintiff to produce documents responsive to request 52 relating to Mr. Clothier. Plaintiff argues that this Court has already relied on the letter to impose the limitation that it seeks to apply. The Court did not impose any such limitation, however. At the May 13 hearing, the Court noted that the scope of the request was not properly at issue, but it nevertheless addressed

8

plaintiff's argument that the letter limited the request to pre-opinion documents, that is, documents provided to, reviewed, or relied upon by Mr. Clothier *in forming his expert opinions*. The Court concluded that the letter did *not* suggest that particular limitation, noting that the letter had requested production of "all documents that were provided to Mr. Clothier or that he reviewed, considered, or relied on in developing the opinions he intends to offer, *or that are relevant to the opinions he intends to offer*." (Emphasis added.) Because documents relevant to Mr. Clothier's opinions could include documents provided to or reviewed by Mr. Clothier after his opinions had been formed, the Court indicated that plaintiff's proposed limitation appeared improper. Contrary to plaintiff's present contention, the Court at that time did not necessarily endorse a limitation requiring the documents to be related to the opinions.

Despite plaintiff's misapprehension of the Court's previous ruling, the Court now must agree with plaintiff that the request should be limited as plaintiff proposes. In this letter, defendants' counsel clearly defined plaintiff's obligation with respect to request 52 in the terms plaintiff uses now—requiring production of all documents related to Mr. Clothier's opinions (before or after the development of those opinions). Defendants have also represented to the Court on several occasions that the request seeks documents related to Mr. Clothier's opinions (as opposed to those related to the litigation generally). For instance, in support of their motion to compel relating to this request, defendants began the applicable section of their brief by stating that plaintiff had waived the attorney-client privilege and work-product immunity "with respect to all documents

9

reviewed by Mr. Clothier at any time that would be relevant to the expert opinions he has been designated to give." Defendants further noted that only plaintiff or Mr. Clothier "can know what documents he has reviewed that are relevant to his opinions." In conclusion, defendants sought an order requiring plaintiff to identify and produce all documents "that Mr. Clothier reviewed at any time that are relevant to the expert opinions he has been designated to give in this case," or alternatively, an order requiring plaintiff to log "all documents that Mr. Clothier has reviewed at any time relevant to the opinions to which Plaintiff has designated him to testify." In their reply brief in support of the motion to compel, defendants titled one section as follows:

> II.   DEFENDANTS ARE ENTITLED TO ALL DOCUMENTS MR. CLOTHIER WAS PROVIDED, REVIEWED, OR RELIED ON RELATED TO HIS OPINIONS.

Defendants also noted in their reply that they had propounded a new document request to try to eliminate any issues with respect to request 52; that request stated:

> **Request No. 1.** All documents related to or regarding the subjects of Mr. Clothier's Opinions that Mr. Clothier considered, read or reviewed before or in connection with formulating those opinions.

Thus, in their communications both to plaintiff and to this Court, defendants have interpreted their document request as requiring the production only of documents relating to Mr. Clothier's opinions—consistent with the limitation presently applied by plaintiff.

Accordingly, in light of defendants' own use of the "related-to-opinions" limitation in seeking documents from plaintiff, the Court concludes that plaintiff should not be sanctioned for applying that same limitation in its production of documents. The

10

Court further concludes that the best evidence of the proper scope of the request, as intended by defendants in propounding it, is defendants' consistent definition of that request, to plaintiff and to the Court, as being limited to documents relating to the expert's opinions, and not including documents merely relating to the litigation generally or those relating to other subjects. Accordingly, in enforcing plaintiff's obligation in response to request 52, the Court will require production only of documents related to Mr. Clothier's expert opinions.

For these reasons, the Court rejects this basis for defendants' argument that plaintiff has failed to comply with Order # 219.[3]

### B. *Redactions*

Defendants next argue that plaintiff violated Order # 219 by redacting portions of a few documents. The only such document specifically identified by defendants is a 27-page document—with pages 3 through 27 redacted in their entirety—entitled "Arguments Against [defense expert] Devours' Claims of Invalidity" that Mr. Clothier sent to his counsel by e-mail on December 20, 2009. Plaintiff did not make any redactions on the basis of privilege or confidentiality (indeed, such objections have been

---

[3]In making this argument, defendants seem to assume that documents authored by Mr. Clothier fall within the scope of request 52, on the basis that such documents have been "reviewed" by Mr. Clothier. That issue of scope is not properly before the Court at this time. The Court notes, however, that under the common meaning of the word, a document authored by Mr. Clothier would not necessarily have been "reviewed" by him unless he reread or reconsidered the document after its authorship for a purpose relating to his opinions.

11

waived); rather, plaintiff states that the redacted portions are not responsive to request 52. Although it cites no supporting authority, plaintiff argues that it is entitled to make such redactions from documents that contain at least some portions that are discoverable.[4]

The Court agrees with the reasoning of courts that have rejected such redactions by parties. In *Orion Power Midwest, L.P. v. American Coal Sales Co.*, 2008 WL 4462301 (W.D. Pa. Sept. 30, 2008), the court rejected "non-responsive" redactions as follows:

> Defendants' novel interpretation of their discovery obligations is not supported by the text of Fed. R. Civ. P. 34 and would open a fertile new field for discovery battles. Rule 34 talks about production of "documents," as opposed to the relevant information contained in those documents. It is at least implicit that the duty to "produce documents as they are kept in the usual course of business" includes the substantive contents of those documents. *See also* Fed. R. Civ. P. 34(b)(2)(E)(ii) (party must produce information "in a form or forms in which it is ordinarily maintained"). Certainly, a party that seeks to "inspect" a document would anticipate being able to inspect the entire document. This interpretation of Rule 34 is consistent with the guidance in Fed. R. Civ. P. 1 that the Rules be construed to advance the just, speedy and inexpensive determination of cases. There is no express or implied support for the insertion of another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information. In sum the Court cannot countenance Defendants' "redaction campaign."

*Id.* at *2 (footnote omitted). Plaintiff's argument in favor of redaction was also recently

---

[4]Because Mr. Clothier's opinions include the refutation of defendants' expert's opinions, it is unclear why portions of the specified document would be non-responsive, and plaintiff has chosen not to shed any light on that issue in its response brief.

12

rejected by the court in *Beverage Distributors, Inc. v. Miller Brewing Co.*, 2010 WL 1727640 (S.D. Ohio April 28, 2010). That court summed up the cases cited by the opposing parties regarding redaction as follows:

> These decisions are not necessarily irreconcilable. The themes which pervade each of them are (1) that redaction of otherwise discoverable documents is the exception rather than the rule; (2) that ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case; and (3) that the Court should not be burdened with an *in camera* inspection of redacted documents merely to confirm the relevance or irrelevance of redacted information, but only when necessary to protect privileged material whose production might waive the privilege.

*Id.* at *4.

The Court agrees that plaintiff's position is contradicted by both the applicable federal rule and good policy. In this case, plaintiff has waived any privilege, and plaintiff has not sought a protective order with respect to the redacted portions. In addition, Order # 219 specifically and pointedly required plaintiff to "produce any additional responsive documents to Defendants that have not previously been produced to Defendants *without objection*." (Emphasis in original.) Accordingly, the Court concludes that plaintiff has failed to comply with its discovery obligations and with Order # 219. Plaintiff is ordered to produce in their entirety all previously-redacted documents by the deadline set forth below.

### C. Cooktek Documents

Defendants also argue that plaintiff improperly withheld documents from Hovey's

13

enforcement files relating to its relationship with Cooktek. Plaintiff insists that such documents are not responsive because its dispute with Cooktek relates to the scope of a license for the technology at issue here, and does not relate to the patents at issue in the case. The Court agrees with defendants, however, that under the applicable liberal discovery standard, such documents relating to the licensing of the technology could lead to the discovery of admissible evidence relating to the subjects of Mr. Clothier's expert opinions. Accordingly, the Court concludes that plaintiff has withheld responsive documents, and thus has violated Order # 219. Plaintiff is ordered to produce by the deadline set forth below any Cooktek-related documents that were provided to, reviewed by, or relied upon by Mr. Clothier.

### D. *Review and Production of All Responsive Documents*

Finally, defendants argue that it does not appear from plaintiff's submissions that it reviewed all files and produced all documents responsive to request 52. In his affidavit, plaintiff's litigation counsel states that he "essentially reviewed [his firm's] entire correspondence file (including all of [its] email communications)" in producing documents in compliance with Order # 219. Plaintiff's counsel has not explained why he did not review all of his firm's files for responsive documents. Thus, the Court agrees that it appears that plaintiff has not reviewed all files for responsive documents, in violation of the Court's order. Defendants also complain that plaintiff did not produce a specific disk referenced in one correspondence, and that plaintiff has not produced correspondence from 2010. Again, the Court would expect plaintiff to have addressed

these specific issues immediately after defendants raised them in their briefs. Plaintiff's counsel is ordered to produce any responsive documents, contained in any of their files, by the deadline set forth below.

As noted above, it does not appear that Hovey reviewed any files for responsive documents other than prosecution files. Nor is it clear from plaintiff's brief and the accompanying affidavits that Hovey reviewed those files for documents relating not merely to Order # 218, but also to Order # 219. Accordingly, it appears that plaintiff has once again improperly limited its search for responsive documents, and plaintiff is ordered to conduct the necessary review and produce all Hovey documents responsive to request 52 by the deadline set forth below.

As further noted above, plaintiff's counsel represented that his client produced documents relating to its patent prosecution activities, thereby imposing an improper restriction on the scope of the request 52. Defendants also suggest that, because the waiver of privilege was more sweeping in Order # 219 than in Order # 218, some documents responsive to multiple requests may have been improperly withheld on the basis of privilege. Again, to the extent that plaintiff has not already addressed these issues, it must produce all documents responsive to request 52, without the assertion of privilege, by the deadline set forth below.

### IV. **Appropriate Sanction**

In summary, although the Court has rejected defendants' arguments regarding the

15

scope of request 52 and the spoliation of evidence, it has concluded that plaintiff has failed to demonstrate that it has produced all responsive documents, and that plaintiff therefore has failed to comply with Orders ## 218 and 219. Moreover, the Court notes plaintiff's failure to meet the deadlines set by this Court after the May 13 hearing.

Nevertheless, the specific failures noted herein do not relate to issues that were previously addressed by this Court or by the Magistrate Judge. Accordingly, the Court in its discretion concludes that drastic sanctions—including barring Mr. Clothier's expert testimony—are not appropriate in this instance. The Court does deem it appropriate to award defendants their fees and expenses incurred with respect to the present motion.[5] The parties are ordered to try to agree on the appropriate amount of those fees and expenses. If they cannot so agree, defendants shall submit the issue to the Court.

In addition, plaintiff shall produce any additional responsive documents, as set forth in this order, as soon as possible, and no later than **December 1, 2010**. If plaintiff fails to meet that deadline, it may be subject to further sanction by this Court.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for sanctions (Doc. # 250) is **granted in part and denied in part**, as set forth herein. Defendants are awarded their fees and expenses incurred with respect to this motion.

---

[5]For the sake of clarity, the Court does not intend to award defendants their fees and expenses incurred in litigating the underlying motions to compel or plaintiff's motion for review of Orders ## 218 and 219.

16

Plaintiff is ordered to produce any additional documents, as set forth herein, as soon as possible, and no later than **December 1, 2010**.

IT IS SO ORDERED.

Dated this 17th day of November, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

17