IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


| | |
|---|---|
| HR TECHNOLOGY, INC.,<br>f/k/a THERMAL SOLUTIONS, INC.,<br><br>        Plaintiff,<br><br>      v.<br><br>IMURA INTERNATIONAL U.S.A., INC.;<br>VITA CRAFT CORPORATION; and<br>MAMORU IMURA, an individual,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 08-2220-JWL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion (Doc. # 281) for reconsideration of the Court's Memorandum and Order of November 17, 2010, and on plaintiff's request for oral argument on that motion (Doc. # 297). For the reasons set forth below, the motion for reconsideration and the request for oral argument on that motion are **denied**. By **March 7, 2011**, plaintiff shall produce to defendants and shall file with the Court, under seal, unredacted copies of the documents that are the subject of plaintiff's motion.

## I.   Background

On April 28, 2010, the Magistrate Judge issued two orders (Doc. ## 218, 219),

by which he ordered plaintiff to produce certain documents to defendants. At a hearing on May 13, 2010, this Court denied plaintiff's motion for review of the Magistrate Judge's orders, and it ordered plaintiff to produce the documents by certain dates. Plaintiff did produce additional documents (although not by the Court's deadlines), but defendant subsequently filed a motion seeking sanctions on the basis that plaintiff had still failed to produce all responsive documents in compliance with the orders of the Magistrate Judge and this Court.

By Memorandum and Order of November 17, 2010 (Doc. # 280), the Court granted the motion for sanctions in part. With respect to Order # 218, the Court rejected defendants' spoliation argument, but it concluded that plaintiff had violated the order by failing to review all files for responsive documents, and it ordered plaintiff to conduct such a review and to produce responsive documents.

With respect to Order # 219, the Court first rejected defendants' argument concerning the scope of Request 52, which sought "[a]ll documents provided to, or reviewed or relied upon by expert witness [sic] that you intend to call as a witness." The Court agreed with plaintiff's interpretation that the request was limited to documents relating to the expert's opinions. In a footnote at the conclusion of that section of the Memorandum and Order, the Court made the following observation:

> In making this argument, defendants seem to assume that documents authored by Mr. [Brian] Clothier [plaintiff's principal and designated expert] fall within the scope of request 52, on the basis that such documents have been "reviewed" by Mr. Clothier. That issue of scope is not properly before the Court at this time. The Court notes, however, that

under the common meaning of the word, a document authored by Mr. Clothier would not necessarily have been "reviewed" by him unless he reread or reconsidered the document after its authorship for a purpose relating to his opinions.

The Court ruled in favor of defendants, however, with respect to their other arguments relating to Order # 219. The Court rejected plaintiff's argument that it could redact non-responsive portions of otherwise-responsive documents, and it ordered plaintiff to produce any redacted documents in their entirety. The Court also concluded that plaintiff violated the previous orders by failing to produce certain documents relating to plaintiff's relationship with Cooktek, and the Court ordered plaintiff to produce such documents. The Court further concluded that plaintiff violated the previous orders by failing to review all files for responsive documents, and it ordered plaintiff to conduct such a review and to produce any responsive documents.

Finally, although the Court denied defendants' request for harsh sanctions, including a prohibition of expert testimony by Mr. Clothier, it did order plaintiff to pay defendants' fees incurred with respect to the motion at issue, as a sanction for plaintiff's violations and failure to meet the deadlines of the previous orders. The Court imposed a deadline of December 1, 2010, for plaintiff's additional production of documents in compliance with the Court's Memorandum and Order.

By its present motion, filed December 2, 2010, plaintiff seeks reconsideration of the Court's Memorandum and Order as it relates to the redacted documents. Plaintiff argues that the two redacted documents at issue are, in fact, not responsive to Request

52 *in their entirety*, for the same reason suggested by the Court in its footnote—namely, that although Mr. Clothier authored the two documents, he did not reread or reconsider them in connection with his expert opinions. Plaintiff thus argues that it would be unfair to require it to produce those documents in unredacted form. Plaintiff also seeks reconsideration of the Court's fee award, arguing that in light of the non-responsive nature of the redacted documents and the fact that the Court rejected the "central focus" of defendants' motion for sanctions (the scope of Request 52), no sanction should have been imposed.

## II.    <u>Analysis</u>

First, plaintiff's motion for reconsideration is denied as untimely. Under D. Kan. Rule 7.3(b), any motion for reconsideration was due 14 days after the Court's order or, in this case, by December 1, 2010. Therefore, plaintiff's motion was filed one day late. Plaintiff concedes that the motion is untimely, that its counsel did not appreciate the 14-day deadline for such motions, and that when it produced the additional documents on December 1, counsel did not realize that any reconsideration motion was due that day. Thus, despite the Court's previous admonishment of plaintiff for failing to meet Court-imposed deadlines (and, indeed, sanctioning plaintiff at least in part for that behavior), plaintiff missed yet another deadline, and did so without justification or excuse. Accordingly, the Court, in its discretion, denies plaintiff's motion as untimely. *See, e.g.*, *Cardozo v. Home Depot U.S.A., Inc.*, 2010 WL 4386908, at *1 (D. Kan. Oct. 29, 2010)

(Lungstrum, J.) (denying as untimely a motion for reconsideration filed one day late).[1]

Moreover, even if the motion were timely filed, the Court would conclude that plaintiff has not shown that reconsideration is warranted here. A motion seeking reconsideration of a non-dispositive order "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). Whether to grant or deny a motion for reconsideration is committed to the district court's discretion. *See Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235 (10th Cir. 2001). Plaintiff argues that reconsideration is necessary here to prevent manifest injustice. The Court disagrees.

Plaintiff does not take issue with the Court's legal conclusion, explained in its Memorandum and Order, that in producing documents in discovery, a party may not redact non-responsive portions from a document that is otherwise responsive. Rather, plaintiff argues that because the two documents at issue are not responsive to Request

---

[1]Although it concedes that such matters did not cause it to miss the deadline (as its counsel did not even consider what the deadline might be), plaintiff has felt compelled to note that its motion would have been timely under the previous version of the local rule and that one of its attorneys ran out of time to finish the motion on December 1 "before he needed to leave the office shortly before 5 PM to assume responsibility for his children and their various activities for the rest of the evening." To the extent that the inclusion of such irrelevant matters is intended to elicit sympathy from the Court, that effort is misguided—the Court cannot simply dismiss the amendment of the rule, two weeks was ample time in which to draft the motion for reconsideration (whether or not that period included a holiday), and the Court notes that plaintiff also had at least three other attorneys at its disposal whose names appear in the motion's signature block.

52 in their entirety, it should not have to produce the redacted portions, and the Court's requirement for their production should be "abrogated". That argument was available to plaintiff prior to the Court's ruling, however, and should have been asserted in response to defendants' motion for sanctions. Thus, the Court will not consider such a new argument raised for the first time in a motion for reconsideration. *See McCammon v. Bibler, Newman & Reynolds, P.A.*, 515 F. Supp. 2d 1220, 1231 (D. Kan. 2007) (Lungstrum, J.) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Plaintiff bases its motion on the footnote in the Court's Memorandum and Order, in which the Court noted that Request 52 would not seem necessarily to encompass all documents authored by Mr. Clothier. Plaintiff argues that the Court's footnote, with its further declaration that that question of Request 52's scope was not before the Court at that time, suggests that plaintiff was not required to have raised this issue in response to defendants' prior motion for sanctions. The Court made its observation, however, in the context of ruling on a different question regarding Request 52's scope; it did not intend to excuse any failure by plaintiff to raise the issue if necessary to plaintiff's position in opposition to defendants' motion for sanctions. In response to defendants' challenge to the redactions (addressed by the Court in a different section of its Memorandum and Order), plaintiff argued only that it was permitted to redact non-responsive material from otherwise-responsive documents. Plaintiff did not argue, as it does now, that it should not have to produce the entire documents because no portions of the documents are

6

responsive. Had plaintiff raised that latter argument at that time, the Court indeed might have addressed that additional question regarding the scope of Request 52. Plaintiff may not raise that argument for the first time in its motion for reconsideration.

Plaintiff also suggests that, had it raised the argument before (prior to the Court's Memorandum and Order and its footnote), such argument would not have been well-received, and that it chose to produce all communications by Mr. Clothier relating to his opinions rather than to "risk additional accusations that it was withholding documents." Even in the face of previous losses in litigating discovery issues, however, plaintiff was required to make its arguments in response to defendants' motion for sanctions. If the Court's rulings that plaintiff violated discovery rules and orders made plaintiff gun-shy, that is a consequence of its own making and does not excuse plaintiff's failure to make an argument at the appropriate time.

Additionally, plaintiff effectively admitted that the redacted documents were at least partially responsive to Request 52 when it produced them in response to the Court's order to produce responsive documents. Plaintiff has not cited any authority that would allow it to take back or "un-produce" a document based on a change in position regarding the scope of the discovery request.

Finally, in response to an interrogatory, plaintiff's principal, Mr. Clothier, on behalf of plaintiff, swore on his oath that certain documents, including these two documents that were redacted (identified by bates number), that were produced in response to Request 52, constituted documents that were responsive to a separate

document request propounded by defendants. Thus, plaintiff has previously conceded that the documents are discoverable under multiple requests.

For these reasons, the Court concludes that there is no basis for the Court's reconsideration of its order requiring plaintiff's production of the unredacted documents.[2] The Court further concludes that, in light of plaintiff's violations of the Court's orders, as set forth in its previous Memorandum and Order, reconsideration of its fee award as a sanction against plaintiff is not warranted. Accordingly, plaintiff's motion for reconsideration is denied not only as untimely, but also on its merits. Plaintiff shall produce to defendants unredacted copies of the documents in question by March 7, 2011.

In conjunction with their response to plaintiff's motion for reconsideration, defendants have moved for additional discovery and contempt sanctions against plaintiff (Doc. # 282). That motion remains pending. Because plaintiff's decision to redact these documents may be relevant to whether plaintiff should be sanctioned for its conduct in discovery, the Court orders that plaintiff shall also file the unredacted copies with the Court, under seal, by March 7, 2011.

---

[2]In light of its ruling, the Court need not address defendants' argument that the documents are in fact within the scope of Request 52 or their argument that the documents are also responsive to other document requests.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion (Doc. # 281) for reconsideration of the Court's Memorandum and Order of November 17, 2010, is **denied**. By **March 7, 2011**, plaintiff shall produce to defendants unredacted copies of the documents that it previously produced in a redacted form. Plaintiff shall also file with the Court, under seal, copies of those unredacted documents by **March 7, 2011**.

IT IS FURTHER ORDERED THAT plaintiff's request for oral argument (Doc. # 297) is **denied** to the extent that it relates to plaintiff's motion for reconsideration.

IT IS SO ORDERED.

Dated this 4th day of March, 2011, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge