IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HR TECHNOLOGY, INC., )
f/k/a THERMAL SOLUTIONS, INC., )
　)
Plaintiff, )
　)
v. ) Case No. 08-2220-JWL
　)
IMURA INTERNATIONAL U.S.A., INC., )
VITA CRAFT CORPORATION, and )
MAMORU IMURA, an individual, )
　)
Defendants. )
　)
_____)

**MEMORANDUM AND ORDER**

This case, which includes a patent infringement claim by plaintiff, presently comes before the Court on plaintiff's motions to dismiss for lack of subject matter jurisdiction certain declaratory judgment counterclaims and affirmative defenses asserted by defendants relating to three patents (Doc. ## 303, 305, 307). Specifically, plaintiff argues that those counterclaims and defenses no longer satisfy the "case or controversy" requirement of Article III of the United States Constitution and the Declaratory Judgment Act in light of plaintiff's execution of certain covenants not to sue defendants for infringement. For the reasons set forth below, the Court **denies** the motions to dismiss.

In the form of declaratory judgment counterclaims and affirmative defenses,

defendants seek declarations of invalidity, non-infringement, and non-enforceability with respect to three patents held by plaintiff (the '169 Patent, the '585 Patent, and the '919 Patent). At various times, in this case and in other litigation between the parties, plaintiff has alleged that defendants infringed those three patents. In the pretrial order in this case, plaintiff has preserved a claim only for infringement of Claims 19, 22, 26, and 36 of the '169 Patent.

Plaintiff previously moved for summary judgment on defendants' declaratory judgment counterclaims, on the basis that the Court lacked jurisdiction over those claims because no justiciable controversy existed.[1] Specifically, plaintiff argued that in this case it alleges only *past* infringement by defendants and that defendants did not plan to engage in the allegedly infringing activity—the manufacture or sale of certain cookware using RFID technology—in the future. By Memorandum and Order of April 13, 2010 (Doc. # 217), the Court denied plaintiff's motion, ruling that when viewed in defendants' favor, the evidence was sufficient to create an issue of fact regarding whether defendants did still intend to sell the cookware in the future.

---

[1] "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The Supreme Court has made clear that a party need not engage in the allegedly infringing activity (and risk treble damages for infringement) simply to create a case or controversy under Article III to support a declaratory judgment claim relating to a patent. *See id.* at 128-37.

Plaintiff now moves to dismiss all counterclaims and affirmative defenses asserted by defendants relating to the '585 Patent (Doc. # 305) or the '919 Patent (Doc. # 303), as well as all counterclaims and affirmative defenses other than defendants' inequitable conduct counterclaim relating to all claims in the '169 Patent except Claims 18-22, 25, 26, and 36 (Doc. # 307). Once again, plaintiff argues that the Court lacks jurisdiction because there is no longer any present case or controversy concerning defendants' infringement of those patents and patent claims. Plaintiff rests that argument solely on a January 18, 2011, e-mail from plaintiff's counsel to defendants' counsel, which states that plaintiff "decided to offer the covenants below in order to moot the issue and divest the Court of subject matter jurisdiction over most of [defendants'] patent claims and defenses." The actual covenants that follow in the e-mail state that plaintiff "unconditionally covenants not to sue" defendants for infringement as to any claim of the '585 Patent and the '919 Patent and as to Claims 1-17, 23, 24, 27-35, and 37-56 of the '169 Patent "based upon the Defendants' manufacture, importation, use, sale, or offer for sale of Defendants' products as they exist today or have existed in the past." Plaintiff thus argues that, by virtue of these covenants not to sue, it may no longer claim infringement of those patents and patent claims by defendants, and that therefore no controversy remains to support defendants' declaratory judgment claims and affirmative defenses relating to those patents and patent claims. *See Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1345-48 (Fed. Cir. 2010) ("a covenant not to sue for patent infringement divests the trial court of jurisdiction over claims that the patent is invalid,

3

because the covenant eliminates any case or controversy between the parties") (citing cases).

1.	The Court first addresses the parties' arguments not relating to the actual language of the covenants. Defendants argue that because plaintiff never filed a motion to dismiss its claim of infringement of the '585 Patent under Fed. R. Civ. P. 41, that claim remains in the case, which gives rise to a controversy concerning that patent. The Court rejects that argument. Rule 41 applies only to the dismissal of an entire action and not merely the dismissal of a claim. *See Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996). This claim has clearly been abandoned by virtue of its omission from the pretrial order, *see Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1276-77 (10th Cir. 2006), and defendants have provided no authority for its position that the claim somehow remains in the case. Moreover, plaintiff's motion with respect to the '585 Patent is based on the covenant not to sue, which, if effective, would serve as an absolute defense to the claim even if it were still technically alive.

2.	Defendants also argue that because they have alleged that plaintiff breached license agreements by licensing invalid patents, the issue of invalidity cannot be wholly removed from the case. That fact is irrelevant to the present motions, which do not relate to defendants' affirmative contract claims. Accordingly, in considering whether defendants' declaratory judgment claims and affirmative defenses should be dismissed, the Court does not address any issues that may or may not be involved in

4

other claims not at issue in these motions.[2]

3. Defendants also point to their claim for attorney fees under 35 U.S.C. § 285, which provides that in a patent case, "[t]he Court in exceptional cases may award reasonable attorney fees to the prevailing party." Defendants argue that the fee claim confers jurisdiction on the Court to rule the patents to be unenforceable based on inequitable conduct by plaintiff in prosecuting the patents.

In support of this argument defendants rely solely on the case of *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229 (Fed. Cir. 2008). In that case, even though Bayer had dismissed its patent claims and given Monsanto a covenant not to sue, the court rejected Bayer's argument that the district court did not have jurisdiction to find that the patents were unenforceable in ruling on a fee claim under Section 285. *See id.* at 1242-43. The court noted that the district court's jurisdiction to rule on the fee claim encompassed the jurisdiction to make findings of inequitable conduct, based on prior law allowing a prevailing party to establish an "exceptional case" under the statute by showing inequitable conduct. *See id.* at 1242 (citing *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001)). Thus, the court held that the district court was required to find the patents unenforceable once it found inequitable conduct. *See id.* at 1243.

Under *Monsanto*, defendants are correct that, even if plaintiff's covenants could

---

[2]For that reason, the Court does not address plaintiff's argument that multiple defendants cannot have standing to pursue the contract claims.

5

divest the Court of jurisdiction over defendants' declaratory judgment claims, the Court could still possibly declare the three patents unenforceable in ruling on defendants' fee claim. *Monsanto* does not suggest, however, that the fee claim confers or creates jurisdiction over the declaratory judgment claims. To the contrary, in *Monsanto* the court ruled that the district court retained jurisdiction over the fee claim even if the covenant divested that court of jurisdiction over the declaratory judgment claims. *See id.* at 1242. Thus, the fee claim has no effect on the viability of the declaratory judgment claims and affirmative defenses that are the subject of these motions, including defendants' claims seeking declaratory judgments that the '585 Patent and the '919 Patent are unenforceable based on inequitable conduct. Nor would the dismissal of the inequitable conduct claims affect defendants' ability to pursue their fee claim, which is not at issue in these motions.[3]

4. Finally, the Court considers defendants' opposition based on the actual language of the covenants at issue. "Whether a covenant not to sue will divest the trial

---

[3]Plaintiff argues that, even without the covenants not to sue, the Court lacks jurisdiction over defendants' inequitable conduct declaratory judgment claims relating to the '585 Patent and the '919 Patent because plaintiff was no longer alleging infringement of those patents in this case at the time defendants added those claims by amendment. As noted above, however, the absence of an infringement claim does not mean that a case or controversy may not exist. *See supra* note 1. The Court also notes that plaintiff did not properly raise this argument, which was made for the first time in plaintiff's reply brief. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (court will not consider issues raised for first time in reply brief) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)).

6

court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). For instance, in *Revolution Eyewear*, the court held that because the covenant at issue did not extend to future sales of the product, it did not divest the district court of jurisdiction, and that because the declaratory judgment plaintiff retained stores of the product to sell, the district court would not merely be rendering an advisory opinion. *See id.* at 1298-1300.

Defendants argue that the covenants here are not broad enough to eliminate any possible future claim by plaintiff of infringement by defendants because they cover only defendants' products "as they exist today or have existed in the past." Thus, defendants argue that the covenants cover the RFIQ products that they had already produced when plaintiff terminated the licenses, but they do not preclude a future infringement claim by plaintiff if defendants develop different products using the patents' RFID technology.[4]

In response, plaintiff argues that the covenants were not intended to be so narrow as to apply only to the RFIQ system as it existed in 2006. Plaintiff interprets the

---

[4]The Court rejects defendants' other arguments relating to the scope of the covenants. The fact that the covenants do not explicitly refer to methods is immaterial, as the covenants apply to all claims of two patents and specific claims of the third, and infringement claims would be barred as to those patents and claims. Moreover, the fact that plaintiff's surviving infringement claims under the '169 Patent could preclude defendants' development of their products even with the covenants is irrelevant, as the covenants could still eliminate any possible claim of infringement (and thus any controversy) relating to the other two patents and the other claims of the '169 Patent. Finally, because the covenants track the language of the infringement statute, 35 U.S.C. § 271(a), the Court rejects defendants' argument that the covenants are too narrow because they don't refer to the exporting of parts.

7

covenants in its reply brief as follows: "The covenant was not limited to any particular pan or pot size, so if Vita Craft wanted to add, for example, a stockpot or a different size sauce pan, the covenant covers the new size." Plaintiff also concedes that the covenant was not intended to be unlimited in scope, as it was not intended to cover future unknown products that fall outside the "clarification" quoted above.[5] That "clarification" that the covenant covers application of defendants' previously-produced RFIQ system to new pot sizes is not sufficient, however, to include all possible applications of the patents' technology to defendants' cookware, which applications would therefore remain subject to a possible claim by plaintiff of infringement. As recognized by the Federal Circuit in *Revolution Eyewear*, the mere fact that plaintiff has granted covenants not to sue is not enough; rather, the scope of the covenants must be considered.

The Court agrees with plaintiff that the covenants need not cover every possible act of infringement that defendants could possible commit in the future; for instance, on the present record, they need not cover defendants' future application of the patents' technology to some heretofore-unmentioned product other than cookware. As defendants concede, they must have made "meaningful preparation" for the development of the product before a case or controversy arises. *See Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 880-81 (Fed. Cir. 2008). Plaintiff, however, has not disputed

---

[5]Plaintiff argues that it may effectively broaden the scope of its covenants by its statements in its brief, which would also bind plaintiff.

8

defendants' evidence (the same evidence on which they relied in opposing plaintiff's previous summary judgment motion) that they invested a great deal of money and time in developing applications of the patents' RFID technology, as permitted by the licenses, to their cookware.[6]  The Court previously held that that evidence was sufficient to demonstrate a controversy and support subject matter jurisdiction at this stage of the litigation.  Plaintiff's covenants—even as "clarified" in its brief—do not extend to all future applications of the patents' technology to defendants' cookware; therefore, the covenants do not eliminate any case or controversy concerning the patents and patent claims referenced in those covenants, and the Court retains subject matter jurisdiction over defendants' declaratory judgment counterclaims and affirmative defenses relating to those patents and patent claims.  For that reason, the Court denies plaintiff's motions to dismiss.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motions to dismiss certain counterclaims and affirmative defenses (Doc. ## 303, 305, 307) are **denied**.

IT IS SO ORDERED.

---

[6]Plaintiff argues that the appropriate controversy is limited to the scope of the patents, not the scope of the license agreements.  Plaintiff is correct that the controversy must involve a possible claim of infringement of the patents.  The license agreements, however, provide context concerning defendants' potentially-infringing future activity.

9

Dated this 3rd day of June, 2011, in Kansas City, Kansas.

                                              s/ John W. Lungstrum  
                                              John W. Lungstrum  
                                              United States District Judge