IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HR TECHNOLOGY, INC., <br> f/k/a THERMAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> IMURA INTERNATIONAL U.S.A., INC.; <br> VITA CRAFT CORPORATION; and <br> MAMORU IMURA, an individual, <br><br> Defendants. <br>_____ <br><br> IMURA INTERNATIONAL U.S.A., INC., <br> and VITA CRAFT CORPORATION, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> HR TECHNOLOGY, INC., <br> f/k/a THERMAL SOLUTIONS, INC., <br><br> Counterclaim Defendant. <br>_____ | Case No. 08-2220-JWL |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion by plaintiff HR Technology, Inc. ("HRT") for a new trial or to alter or amend the judgment (Doc. # 438). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to HRT's request that the Court permit it to pursue a claim for

specific performance of defendants' alleged post-termination contractual obligation to return certain material to it, and the Court will set a status conference to address the procedure and schedule for litigation of that claim. The motion is denied in all other respects.

### I.  **Background**

In this case, the parties asserted various patent claims and state-law contract and tort claims against each other arising out of contracts between them. On August 20, 2010, the Court granted summary judgment in favor of defendants on HRT's state-law contract and tort claims. On March 9, 2012, the Court dismissed or granted summary judgment to defendants on HRT's various patent claims. Also on March 9, 2012, the Court granted summary judgment in favor of defendants Imura International U.S.A., Inc. and Vita Craft Corporation (collectively "Vita Craft") on Vita Craft's claim for a declaration of invalidity of certain claims of three patents held by HRT. On April 4, 2012, the Court dismissed Vita Craft's affirmative contract claims, based on Vita Craft's decision to abandon those claims.

On April 16 and 17, 2012, the Court conducted a bench trial of Vita Craft's remaining claim of inequitable conduct by HRT in the prosecution of its patents. During the trial, the Court rejected HRT's argument that a case or controversy did not exist with respect to that claim. The Court also prohibited HRT from pursuing a claim, at that trial, for an order of specific performance of Section 19 of the parties' contracts, which on its

face requires defendants' return of "Confidential Information" (hereafter "CI"), as defined in the contracts, to HRT after termination of those contracts. At the conclusion of Vita Craft's presentation of evidence, the Court granted HRT's motion for judgment on the inequitable conduct claim pursuant to Fed. R. Civ. P. 52(c), and the Court issued its written findings of fact and conclusions of law on April 24, 2012. The Court issued its final judgment on April 27, 2012.[1]

## II. Analysis

HRT requests that the Court open the judgment and order specific performance of Section 19's requirement that defendants return any CI to HRT in light of the termination of the contracts. The Court has not received any evidence on this issue, however, and defendants may have factual or legal defenses to such a claim of specific performance. Thus, HRT is certainly not entitled to such an order on the present record.[2]

The issue thus becomes whether the Court should open the judgment to allow HRT to pursue a claim for such equitable relief at this time. The Court first concludes that HRT did sufficiently preserve such a claim in the amended pretrial order in this case. Although it did not use the term "specific performance," the pretrial order did include HRT's request for non-monetary relief of defendants' delivery of CI pursuant to Section

---

[1] Defendants' motion for attorney fees remains pending.

[2] The Court therefore does not comment on the merits of HRT's request for an order of specific performance.

19 of the parties' contracts. HRT also asserted in the pretrial order that a fact issue existed concerning whether defendants were required to deliver CI to HRT (while noting that *other* factual issues were resolved by the Court in its first summary judgment order). Thus, the pretrial order reasonably included a claim by HRT for specific performance of the return-of-CI provision of Section 19 independent from HRT's breach-of-contract claims on which the Court granted summary judgment in favor of defendants (based on an inability to establish damages).[3]

The Court also concludes that HRT did not waive or willfully abandon this claim before the Court conducted the bench trial on the patent claim. Defendants point to the parties' agreed motion, filed March 15, 2012, to be realigned (defendants to become plaintiffs) for purposes of the anticipated jury trial, in which the parties stated that only defendants' affirmative claims remained for trial. The Court concludes, however, that HRT could still have reasonably intended to pursue its claim for specific performance (an equitable remedy for the Court) subsequent to the jury trial. HRT did address its claim for specific performance in the proposed findings and conclusions that it submitted at the beginning of the bench trial.

The Court did not err in refusing to allow HRT to present evidence or to seek to

---

[3] In its motion, HRT appears to request specific performance only with respect to Section 19's obligation to return CI. In light of HRT's request for an injunction, discussed below, the Court notes that no claim for specific performance relating to the *use* of CI by defendants in violation of another provision in Section 19 was preserved in the pretrial order.

litigate its specific performance claim during the inequitable conduct trial, as HRT had not given any indication prior to trial that it intended to do so. For instance, at the telephone conference on April 4, 2012, in which the Court discussed how the bench trial on the inequitable conduct claim would proceed, HRT did not indicate that it would present any witnesses or evidence on the specific performance claim. Thus, the Court properly ruled at trial that HRT could not litigate its specific performance claim *at that time*, in the absence of sufficient notice to defendants and the Court. The Court does conclude, however, that HRT may now pursue that particular claim for specific performance of the return-of-CI provision of Section 19 of the contracts, and the Court will grant HRT's motion and open the judgment to that extent. *See* Fed. R. Civ. P. 59(a)(2) (after a nonjury trial, court may open the judgment upon a motion for new trial). The Court will set a telephone conference to discuss with the parties the procedure and schedule for the litigation of that claim.

HRT also requests an injunction by the Court prohibiting defendants' use of CI in violation of another provision of Section 19. No such claim for an injunction was preserved in the pretrial order; accordingly, HRT's request for an injunction is denied.

Finally, HRT argues that the Court should reconsider its previous rulings that a case or controversy exists with respect to Vita Craft's claims seeking declarations of patent invalidity. HRT again argues that because Section 19 prohibits Vita Craft's use of CI, Vita Craft cannot sell potentially-infringing products in the future, despite Vita Craft's stated intention to do so. The Court has already rejected this precise argument

5

more than once, on the basis that Vita Craft could intend to sell the products even if such sales constituted a breach.  HRT has not provided any additional authority suggesting that the contractual prohibition means that a case or controversy cannot exist.  Accordingly, there is no basis for the Court to reconsider its previous rulings with respect to subject matter jurisdiction, and HRT's motion is denied with respect to that issue.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff HR Technology's motion for a new trial or to alter or amend the judgment (Doc. # 438) is **granted in part and denied in part** as set forth herein.  The motion is granted with respect to HR Technology's request that the Court permit it to assert a claim for specific performance of defendants' alleged post-termination contractual obligation to return certain material to it, and the Court will set a status conference to address the procedure and schedule for litigation of that claim.  The motion is denied in all other respects.

IT IS SO ORDERED.

Dated this 20th day of July, 2012, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge