IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HR TECHNOLOGY, INC., )<br>f/k/a THERMAL SOLUTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IMURA INTERNATIONAL U.S.A., INC.; )<br>VITA CRAFT CORPORATION; and )<br>MAMORU IMURA, an individual, )<br>)<br>Defendants. )<br>_____)<br>)<br>IMURA INTERNATIONAL U.S.A., INC., )<br>and VITA CRAFT CORPORATION, )<br>)<br>Counterclaim Plaintiffs, )<br>)<br>v. )<br>)<br>HR TECHNOLOGY, INC., )<br>f/k/a THERMAL SOLUTIONS, INC., )<br>)<br>Counterclaim Defendant. )<br>)<br>_____) | Case No. 08-2220-JWL |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion by defendants and counterclaim plaintiffs Imura International U.S.A., Inc. and Vita Craft Corporation (collectively "Vita Craft") for attorney fees pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927 (Doc. # 437).

For the reasons set forth below, the motion is **denied**.[1]

## I. Background

In this case, the parties asserted various patent claims and state-law contract and tort claims against each other arising out of contracts between them. On August 20, 2010, the Court granted summary judgment in favor of defendants on the state-law contract and tort claims asserted by plaintiff HR Technology, Inc. ("HRT"). On March 9, 2012, the Court dismissed or granted summary judgment to defendants on HRT's various patent claims. Also on March 9, 2012, the Court granted summary judgment in favor of Vita Craft on its claim for a declaration of invalidity of certain claims of three patents held by HRT. On April 4, 2012, the Court dismissed Vita Craft's affirmative contract claims, based on Vita Craft's decision to abandon those claims. On April 24, 2012, after a bench trial, the Court issued its findings and conclusions of law supporting judgment in favor of HRT on Vita Craft's claim of inequitable conduct in the prosecution of HRT's patents. On September 28, 2012, after another bench trial, the Court awarded HRT judgment on its claim against Vita Craft for specific performance of a contractual term requiring the return of certain information.

---

[1] Because the Court believes that the motion for fees may be resolved on the parties' written submissions, it denies plaintiff's motion for oral argument on the motion (Doc. # 510).

## II. Request for Attorney Fees Under 35 U.S.C. § 285

Vita Craft seeks an award of attorney fees in the amount of $1,686,630.50, incurred in litigating the patent claims in this case, pursuant to 35 U.S.C. § 285. Section 285 provides in its entirety: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." *Id.*

> When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry. First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional. . . . If the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified.

*MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915-16 (Fed. Cir. 2012) (citations omitted).

> A case may be deemed exceptional under § 285 where there has been willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions. Where, as here, the alleged infringer prevails in the underlying action, factors relevant to determining whether a case is exceptional include the closeness of the question, pre-filing investigation and discussions with defendant, and litigation behavior. Where a patentee prolongs litigation in bad faith, an exceptional finding may be warranted.
>
> Absent litigation misconduct or misconduct in securing the patent, a district court can award attorney fees under § 285 only if the litigation is both: (1) brought in subjective bad faith; and (2) objectively baseless. Under this standard, a patentee's case must have no objective foundation, and the plaintiff must actually know this. Whether a case is objectively baseless requires an objective assessment of the merits.

*Id.* at 916 (internal quotations and citations omitted). "Litigation misconduct typically involves unethical or unprofessional conduct by a party or his attorneys during the

course of adjudicative proceedings." *Id.* at 919 (internal quotation and citation omitted).

Vita Craft argues that this case should be deemed exceptional for purposes of Section 285, with respect the litigation of the parties' patent claims, on the basis of HRT's misconduct. Specifically, Vita Craft cites HRT's violation of discovery rules and orders, HRT's pursuit of baseless claims, and other conduct by HRT that allegedly delayed the litigation unnecessarily. Whether these alleged improprieties are considered individually or collectively, however, the Court concludes that Vita Craft has failed to show by clear and convincing evidence that this case is exceptional, and that an award of attorney fees in Vita Craft's favor is not justified.

The Court begins with Vita Craft's argument that HRT's patent claims were baseless. Vita Craft argues that HRT pursued those claims solely to increase the costs of litigation in order to pressure Vita Craft into a more favorable resolution.

HRT originally alleged infringement by Vita Craft of HRT's '585 Patent and '169 Patent. HRT eventually abandoned its claim under the '585 Patent, and the Court granted summary judgment on the claim under the '169 Patent. Vita Craft calls HRT's infringement claims baseless, even frivolous. Vita Craft has not shown that those claims were objectively baseless, however. Most significantly, Vita Craft has not undertaken any analysis of the particular claims of HRT's patents, as interpreted by the Court, to show that its products could not possibly have infringed those claims. It is true that HRT abandoned its claim under the '585 Patent; it did so, however, after adverse *Markman* rulings by the Court, and the Court cannot conclude that HRT's *Markman*

4

argument—that the patent claims should be strictly construed and should not be limited by language in the specification—lacked a reasonable basis. Moreover, the Court notes that it did not rule directly on any question of infringement of the '169 Patent at the summary judgment stage, as Vita Craft prevailed because of the Court's ruling that the patent was invalid as obvious (itself a sufficiently close question not to render HRT's attempted enforcement of the patents unreasonable).

HRT also sought a declaration of invalidity with respect to Vita Craft's '675 Patent, but the Court dismissed that claim for lack of standing under Article III of the Constitution. Again, however, the Court cannot conclude that HRT's lack of standing was so apparent to make HRT's invalidity claim objectively baseless. The Court notes in that regard that Vita Craft did not originally assert that defense, but raised the issue of subject matter jurisdiction for the first time at the summary judgment stage.

Indeed, Vita Craft concedes in its reply brief that it has not attempted to show that HRT's patent claims were objectively baseless. Accordingly, under the standard set forth above, a finding of an exceptional case may not be based solely on HRT's patent claims' lack of merit.

Vita Craft argues nevertheless that HRT's claims were brought in subjective bad faith, which conduct unnecessarily enlarged the scope of the litigation and provides an example of HRT's litigation misconduct. Vita Craft notes that HRT did not seek damages on its infringement claims, and it argues that HRT conducted little if any discovery relating to those claims. Those facts do not indicate that HRT acted in bad

5

faith in bringing those claims, however; indeed, HRT's decisions to confine its requested relief to injunctive relief and to limit its discovery could just as reasonably be seen as attempts *not* to pursue unworthy claims or to needlessly incur or cause litigation expenses. Vita Craft also argues that Brian Clothier, HRT's principal, demonstrated by his words and conduct that he knew that Vita Craft was not infringing HRT's patents. On the superficial level argued by Vita Craft, however, HRT's explanations for the parties' conduct with respect to the patents and their license agreement are just as reasonable. Vita Craft certainly has not shown that Mr. Clothier admitted that his patent claims lacked merit. Moreover, as noted above, Vita Craft has not shown that HRT's infringement claims lacked substantive merit. Thus, Vita Craft has failed to show, by clear and convincing evidence, that HRT pursued its patent claims in bad faith, and the Court therefore rejects that asserted basis for a finding of litigation misconduct rising to the level of an exceptional case under Section 285.

The Court next turns to Vita Craft's argument that the case is exceptional under Section 285 in light of HRT's failure to comply with discovery rules and orders. In April 2010, the Magistrate Judge issued two orders (Doc. ## 218, 219) by which he ordered HRT to respond to certain discovery requests. The Magistrate Judge overruled various objections to the requests asserted by HRT; found that HRT had waived the attorney-client privilege with respect to certain requests; found that HRT had violated Rule 26(g) by failing to review certain documents held by its patent counsel; and ruled that HRT had to produce all of the patent counsel's documents as a sanction. The

6

Magistrate Judge denied Vita Craft's requests for fees incurred in connection with those motions to compel. This Court denied HRT's motion for review of those orders. After HRT produced additional documents, Vita Craft filed a motion for sanctions, on the basis that HRT had still not complied with the discovery orders. In November 2010, the Court granted that motion in part (Doc. # 280), ordering HRT to conduct additional document reviews and produce certain documents. The Court noted that HRT's specific failures did not relate to issues previously addressed to the Court or to the Magistrate Judge, and it therefore rejected Vita Craft's request for the harsh sanction of barring Mr. Clothier's expert testimony. Nevertheless, the Court did award Vita Craft its fees and expenses incurred with respect to that motion, and the parties were ordered to confer on the proper amount of those fees. The Court denied HRT's motion for reconsideration of the sanctions order. When the parties could not reach agreement on the amount of fees constituting the sanction, the Court set that amount and awarded a portion of the fees sought by Vita Craft. Finally, after HRT produced additional documents, Vita Craft again moved for sanctions. In April 2011, the Court granted that motion in part (Doc. # 311). The Court rejected some arguments by Vita Craft, including the argument that HRT's production had been untimely. The Court did find two violations by HRT of the discovery orders, and it imposed the sanction of an instruction to the jury concerning HRT's disobedience of Court orders. The Court rejected Vita Craft's request for more severe sanctions.

Vita Craft argues that these violations by HRT of its discovery obligations and

the Court's orders represent litigation misconduct sufficient to make this case exceptional under Section 285. Vita Craft argues that HRT's misconduct in this regard significantly delayed Vita Craft's receipt of discovery relating to the parties' patent claims and caused the parties additional expense.

As shown by its previous orders, the Court agrees with Vita Craft that HRT acted improperly in various ways with respect to certain discovery sought by Vita Craft. The Court cannot say, however, that such misconduct rises to the level of vexatious conduct for purposes of Section 285. The facts that HRT originally asserted objections to the discovery requests and that motions to compel were filed do not distinguish this case from the ordinary complex civil case. The Magistrate Judge only partially granted Vita Craft's motions to compel, and he decided that each side should bear its own costs with respect to that litigation. The Court subsequently found that HRT failed to comply fully with the Magistrate Judge's orders, which this Court had upheld, but HRT's arguments never appeared frivolous or asserted solely for the purposes of delay.

Moreover, the Court has already considered and imposed appropriate sanctions for these particular instances of improper conduct by HRT. *See Layne Christensen Co. v. Bro-Tech Corp.*, 871 F. Supp. 2d 1104, 1123 (D. Kan. 2012) (although party did act improperly in discovery in a few instances, the Court had already considered appropriate sanctions for that conduct, and the misconduct did not rise to the level of vexatious conduct under Section 285). The Court agrees with Vita Craft that the previous consideration of sanctions for those violations does not necessarily foreclose a finding

8

of an exceptional case based on that misconduct. In this case, however, the Court concludes that the particular misconduct does not make the case exceptional such that additional fees (including fees unrelated to these particular instances) should be awarded based on that misconduct.

Vita Craft also argues that HRT even violated the Court's order to pay attorney fees as a sanction. That characterization, however, does not tell the whole story. The parties did eventually confer on the proper amount of fees to be awarded, and Vita Craft filed a motion to enforce the award of fees. The Court did ultimately reject HRT's argument that no payment was due at that time in light of its request for contractual indemnity from Vita Craft; the Court also, however, denied Vita Craft's request for approximately $30,000 in fees, awarding instead the amount of $18,382, on the basis that Vita Craft's request had included fees incurred in briefing arguments on which it had not prevailed. Moreover, in light of that split decision, the Court declined Vita Craft's request for fees incurred in bringing the motion to enforce the fee award.[2]

In summary, the Court concludes that Vita Craft has failed to show, by clear and convincing evidence, that HRT's misconduct with respect to discovery rises to the level

---

[2]Vita Craft argues that after this Court's imposition of this monetary sanction, HRT filed suit in state court asserting a frivolous claim for indemnification with respect to payment of the fee award. The Court declines to consider that conduct as vexatious for purposes of Section 285. First, although Vita Craft has attached the state court's order granting summary judgment in its favor, it has not shown that the assertion of the claim was unreasonable or frivolous. Second, any such misconduct (assuming the claim was asserted vexatiously) occurred in the state court and not in litigation in this Court.

9

of vexatious conduct sufficient to make this case exceptional under Section 285.

The Court next addresses Vita Craft's argument that HRT engaged in additional misconduct unrelated to the discovery violations addressed above. Vita Craft notes that on at least three occasions HRT filed similar unsuccessful motions to dismiss Vita Craft's invalidity claims for lack of a case or controversy. HRT's subsequent motions were always based on new or changed circumstances, however. Although the Court ruled that those arguments by HRT were not well-taken, it does not find that HRT's filing of those motions were improper or for purposes of delay.

Vita Craft argues that HRT acted improperly in twice noticing the deposition of attorneys who had done work for Vita Craft. The Court rejects this asserted basis for an award under Section 285. First, the fact that HRT filed *two* such motions does not make its conduct any more egregious; indeed, the fact that HRT withdrew the first notice and agreed to seek the information through other discovery provides evidence that HRT did *not* seek merely to cause unnecessary litigation. Second, the fact that Vita Craft ultimately prevailed in quashing the deposition does not mean that HRT's notice constitutes vexatious conduct, and the Court concludes that Vita Craft has failed to make such a showing. Indeed, the Magistrate Judge declined to award Vita Craft's fees in litigating the motion to quash, as Vita Craft had also made unsuccessful arguments in that motion.

Vita Craft notes that at the limine conference, the Court denied HRT's motion to compel, filed two weeks before trial, on the basis that HRT had not conferred with

10

opposing counsel as required by local rule. As HRT points out, however, in this present motion Vita Craft has not sought any fees incurred during that period, and the alleged misconduct in filing the motion to compel did not relate to the parties' patent claims. Moreover, and sadly, a party's failure to confer with respect to a motion to compel is not unusual, and the Court concludes that such conduct in one instance does not constitute vexatious conduct sufficient to make the case exceptional under Section 285.

Finally, the Court addresses Vita Craft's most egregious example of overreaching in attempting to show that HRT acted vexatiously in litigating this case. Vita Craft argues in its motion that HRT "failed on almost every occasion" to meet its deadlines. Vita Craft has compiled a list of purportedly trivial or unjustified excuses proffered by HRT's counsel in seeking extensions of time from Vita Craft—excuses that "defy imagination," according to Vita Craft. Vita Craft further notes that HRT's counsel sought and was granted a total of 287 days' worth of extensions of time. In its brief, however, Vita Craft quite disingenuously fails to make clear that *Vita Craft consented to every one of those requested extensions*. Indeed, as HRT retorts, Vita Craft itself sought and received 254 days' worth of extensions. In its reply, Vita Craft insists that that figure is misleading because many of those extensions resulted from HRT's failure to provide discovery. That is entirely the point, however—the nature of the extensions and, more importantly, whether a party improperly abused the courtesy of consent to requested extensions cannot be shown merely by totting up the total days requested, as Vita Craft did. Vita Craft has not shown that any particular extension was improperly

11

sought by HRT, and the mere fact that HRT (like Vita Craft) sought extensions routinely does not show improper conduct in a complex civil case. Vita Craft has not provided any authority suggesting that a party's repeated request for extensions that were granted by the other side may provide a basis for an award under Section 285.

Moreover, the litany of excuses highlighted by Vita Craft does not persuade the Court that HRT acted improperly in seeking extensions. To the contrary, the fact that Vita Craft spent time totaling up the days, making a corresponding chart, and compiling the list of "excuses" indicates that Vita Craft itself is not immune to the temptation unnecessarily to increase litigation in the hope of casting aspersions upon the opponent. Indeed, Vita Craft's own conduct is relevant to an assessment of whether the protracted nature of this litigation may be entirely placed at the feet of HRT. This Court has previously implored *both* sides to cease the petty, unnecessary, and distracting "hurling of invectives" at each other (to use the phrase chosen by the Court at one hearing). At the very least, *both* parties have litigated this case very aggressively and contentiously. The following quotation from the Court's opinion in *Layne Christensen* is apt here:

> In summary, the Court is not persuaded that Purolite's conduct was intended solely to increase plaintiffs' burden in litigating this case, as plaintiffs contend. In the Court's view, the "scorched-earth" tactics were not limited solely to Purolite, as *each* side made it a consistent practice to challenge fully every action and position taken by the other side. The Court does not find that Purolite's conduct as a whole exceeded a vigorous litigation of the parties' claims and defenses. Accordingly, the Court finds that Purolite has not engaged in misconduct or in vexatious or unjustified litigation, and the Court concludes that plaintiffs have not shown by clear and convincing evidence that this case is exceptional for purposes of Section 285.

12

*Layne Christensen*, 871 F. Supp. 2d at 1123.

Similarly, Vita Craft has not shown by clear and convincing evidence that HRT's conduct was intended solely to increase Vita Craft's burden in litigating this case, as Vita Craft contends, or that HRT engaged in misconduct or in vexatious or unjustified litigation sufficient to make this case exceptional for purposes of Section 285. Accordingly, the Court denies Vita Craft's motion for attorney fees pursuant to that statute.

### III. Request for Attorney Fees Under 28 U.S.C. § 1927

Vita Craft also seeks an award of a subset of the fees requested above—in the amount of $1,073,916.50—against HRT's lead counsel, Todd Tedesco, pursuant to 28 U.S.C. § 1927. That section provides as follows:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.* This Court applies this statute as follows:

> In *Braley v. Campbell*, 832 F.2d 1504 (10th Cir. 1987), the Tenth Circuit articulated the proper standard for imposing attorney's fees and costs personally against an attorney under section 1927. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998). The Circuit rejected a subjective good faith inquiry and concluded, instead, that sanctions under section 1927 are warranted only when the conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *See id.* (quoting *Braley*, 832 F.2d at 1512). This standard is then used to decide whether "by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the

> law," an attorney subjects himself to sanctions under section 1927. *Id.* (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)). As the Tenth Circuit summarized in *Miera*, sanctions are appropriate under section 1927 when an attorney is "cavalier or 'bent on misleading the court;'" when an attorney "intentionally acts without a plausible basis;" "when the entire course of the proceedings was unwarranted;" or when "certain discovery is substantially unjustified and interposed for the improper purposes of harassment, unnecessary delay and to increase the costs of the litigation." *See id.* (citations omitted). Finally, because section 1927 "is penal in nature, 'the award should be made "only in instances evidencing serious and standard disregard for the orderly process of justice."'" *Id.* (citations omitted).

*Armstrong v. Wackenhut Corp.*, 2009 WL 1269476, at *2 (D. Kan. May 6, 2009) (Lungstrum, J.).

In support of this request for fees, Vita Craft relies on the same alleged instances of misconduct addressed above with respect to the request under Section 285. For the same reasons set forth above, the Court concludes that Mr. Tedesco did not act so vexatiously or unreasonably that any additional award of attorney fees is warranted. In this regard, the Court notes that Section 1927 (distinct from Section 285) provides only for an award of fees incurred because of the misconduct, and the Court previously considered the appropriateness of sanctions for HRT's discovery violations. *See Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1195 (Fed. Cir. 2007) (affirming denial of award under Section 1927; district court had previously sanctioned party for litigation misconduct, and it reasonably concluded that further sanctions were inappropriate).

14

Accordingly, the Court denies Vita Craft's request for attorney fees under Section 1927.[3]


IT IS THEREFORE ORDERED BY THE COURT THAT the motion by Imura International U.S.A., Inc. and Vita Craft Corporation for attorney fees (Doc. # 437) is **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT the motion by HR Technology, Inc. for oral argument (Doc. # 510) is **denied**.

IT IS SO ORDERED.

Dated this 29th day of May, 2013, in Kansas City, Kansas.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge

---

[3]In light of this conclusion, the Court need not address HRT's argument that Vita Craft's brief in support of its motion under Section 1927 was untimely.