IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HR TECHNOLOGY, INC., <br> f/k/a THERMAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> IMURA INTERNATIONAL U.S.A., INC.; <br> VITA CRAFT CORPORATION; and <br> MAMORU IMURA, an individual, <br><br> Defendants. <br>_____ <br><br> IMURA INTERNATIONAL U.S.A., INC., <br> and VITA CRAFT CORPORATION, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> HR TECHNOLOGY, INC., <br> f/k/a THERMAL SOLUTIONS, INC., <br><br> Counterclaim Defendant. <br>_____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 08-2220-JWL |

**MEMORANDUM AND ORDER**

By Memorandum and Order of March 9, 2012 (Doc. # 382), this Court ruled that certain claims of three patents held by plaintiff were invalid, and the Court's Amended Judgment (Doc. # 459), issued October 3, 2012, included judgment in favor of the two corporate defendants on their counterclaims seeking declaratory judgments of those

claims' invalidity. On appeal to the Federal Circuit, the parties entered into a settlement agreement conditioned on this Court's vacatur of its invalidity rulings. Plaintiff then filed in this Court a motion seeking an "indicative ruling" that, upon remand, the Court would grant an unopposed motion to vacate the invalidity rulings, and the Court granted the motion, stating that it had "no reason to believe that it would not grant an unopposed motion seeking [such] relief." By Order of January 31, 2014, the Federal Circuit Court of Appeals remanded the case for the limited purpose of allowing this Court to consider the issue of the vacatur of the invalidity rulings. On the same day, plaintiff filed the instant unopposed motion to vacate (Doc. # 515).

Plaintiff seeks relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(6), which authorizes relief from a final judgment for "any other reason that justifies relief." *See id.* In its remand order, the Federal Circuit stated that it "takes no position on the propriety or necessity of vacatur, leaving it to the district court to apply the principles enunciated in *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994)." In *U.S. Bancorp*, the Supreme Court stated that exceptional circumstances could support vacatur of a judgment upon settlement by the parties. *See id.* at 29.

The Court concludes that exceptional circumstances warrant partial vacatur of the amended judgment as requested in this case. Although the mere fact of settlement is not a sufficient justification by itself, *see id.*, that interest is supported by the limited precedential value of the Court's invalidity ruling. Plaintiff has represented that no other parties have challenged these patent claims, and as plaintiff points out, the Court's

2

published legal analysis, which was specific to the particular patents at issue, will retain any persuasive force whether or not accompanied by a judgment. Moreover, the settlement is conditioned on a vacatur, and a settlement would serve the interests of both parties and judicial efficiency in avoiding further protracted and costly litigation. *See, e.g.*, *United Nat'l Ins. Co. v. Airosol Co.*, 2001 WL 34664157 (D. Kan. Feb. 21, 2001) (indicating intent to grant vacatur in light of the equitable considerations favoring settlement and the court's finding that the benefits outweighed any harm the judicial system might suffer from losing legal precedent). Further, the public interest would be served by acknowledging the efficacy of the Federal Circuit's mandatory mediation program in which the parties participated, thereby encouraging future dispute resolution by means less costly of private and public resources than full-blown litigation. Accordingly, the Court **grants** the motion.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's unopposed motion to vacate (Doc. # 515) is **granted**. The first paragraph of the Amended Judgment and the corresponding ruling in the Court's Memorandum and Order of March 9, 2012, are hereby vacated.

IT IS SO ORDERED.

Dated this 10th day of February, 2014, in Kansas City, Kansas.

                                                          s/ John W. Lungstrum
                                                          John W. Lungstrum
                                                          United States District Judge